[No. 39619.    Department One.    June 20, 1968.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD
DEWEY JACOBSEN, *Respondent.*\*

*E. R. Whitmore, Jr.,* for appellant.

*Lowell D. Sperline,* for respondent.

ROSELLINI, J.—A jury found the defendant guilty of neg-
ligent homicide. A new trial was granted on the ground of
improper argument of the prosecutor. The state has ap-
pealed from that order.

The death which gave rise to the prosecution occurred in
an intersection collision in which the defendant was the
favored driver. There was evidence that he was exceeding
the speed limit and that the driver of the vehicle in which

\*Reported in 442 P.2d 629.

the deceased was a passenger failed to yield the right of way.

In instructing the jury, the court defined proximate cause as follows: "The term 'proximate cause' means that cause which, in a direct, unbroken sequence, produces the injury complained of and without which such injury would not have happened."

Although there were no instructions on concurring cause or intervening cause, the defendant's counsel argued to the jury that the negligence of the disfavored driver was an intervening cause of the accident. The prosecutor in his turn argued that it was a concurring cause. No objection to this argument was made by the defendant's counsel. Nevertheless, after the verdict was returned the trial court granted a new trial, finding that the prosecutor had, in effect, told the jury that the instruction defining proximate cause did not correctly state the law, and that this conduct was so prejudicial that no instruction to disregard it could have effected a cure.

It is the position of the prosecutor that his argument was proper as a response to that of the defendant's counsel, that it was not in disharmony with the instruction on proximate cause, and that it correctly stated the law.

█ We agree with this contention. There can, of course, be more than one proximate cause of an accident. Every time recovery is barred by contributory negligence, there is necessarily an occurrence in which there were two proximate causes. A disfavored driver and a speeding favored driver can both be responsible for an accident. *Boyle v. Lewis*, 30 Wn.2d 665, 193 P.2d 332 (1948); *Charlton v. Baker*, 61 Wn.2d 369, 378 P.2d 432 (1963); *Robison v. Simard*, 57 Wn.2d 850, 360 P.2d 153 (1961).

The fact that, in order for negligence of a party to be a proximate cause of an injury it must continue in an unbroken sequence until the injury occurs, does not mean that negligence of another, also contributing to the injury, will necessarily break the sequence. Assuming the defendant was speeding, as the jury found, that negligence continued

up to the moment of collision, and the jury found, caused the accident. If the fact that the driver of the other vehicle failed to yield the right of way was also a contributing cause, that fact could not change the character of the defendant's act as a proximate cause of the collision. *Eckerson v. Ford's Prairie School Dist. No. 11*, 3 Wn.2d 475, 101 P.2d 345 (1940). As the prosecutor correctly argued to the jury, the conduct of the other driver would be a concurring cause, not an intervening cause.

    ■   Having invited this response by his argument that the negligence of the other driver was an intervening cause, the defendant was in no position to object to it and, in fact, did not do so. The court erred in granting a new trial on this ground.

The defendant argues, however, in support of the order, that another proper ground existed which was brought to the attention of the trial court, but which that court did not see fit to use as a basis for its order. This ground also pertains to the argument of the prosecutor.

During his closing argument to the jury, the defendant says, the prosecutor made considerable reference to facts not in the record nor in evidence when he described the legislature's concern for the slaughter on the highways and the efforts of law enforcement officers to reduce or prevent it. He continued, over objection, with this statement:

> I want you to keep in mind that the legislature can pass laws from now to doomsday and officers can investigate accidents, check for violations and investigate accidents, and bring their findings to the prosecuting attorney and we can file charges and we can produce all of this in court; but in the end the ultimate responsibility for seeing that this standard of conduct is maintained rests with you. And if you fail in that responsibility, all the rest is wasted and can do nothing.  .  .  .

In short, the prosecuting attorney argued that curative legislation and diligent investigations by officers are of no effect if juries don't convict. As the defendant construes this statement, it amounts to a statement by the prosecut-

ing attorney that, in his personal opinion, the defendant was guilty.

Cases cited in the defendant's brief in which this court has said that it is improper for a prosecuting attorney to express to the jury his personal opinion that the defendant is guilty are *State v. Badda,* 63 Wn.2d 176, 385 P.2d 859 (1963); *State v. Collins,* 50 Wn.2d 740, 314 P.2d 660 (1957); and *State v. Case,* 49 Wn.2d 66, 298 P.2d 500 (1956). *State v. Reeder,* 46 Wn.2d 888, 285 P.2d 884 (1955), also cited by the defendant, and the only one of these cited cases in which this court held that the misconduct of the prosecutor was so flagrant that, standing alone, it required an order for a new trial, was not a case in which the prosecutor's offense was in expressing his own belief in the defendant's guilt. Rather, the objectionable conduct there was in arguing alleged facts pertaining to the defendant's past conduct which were not in evidence, "facts" which were of a highly inflammatory nature.

In none of the other cases cited was the misconduct of the prosecutor in expressing his opinion of the guilt of the accused held to be a sufficient ground, in itself, for the granting of a new trial. In *State v. Collins, supra,* a capital case, it was held that the error was waived. In the other two cases, we held that an accumulation of errors, none of which, by itself, would be sufficiently prejudicial to warrant the granting of a new trial, resulted in a denial of a fair trial to the defendant.

Also, in *State v. Case, supra,* we again affirmed the rule that misconduct in the form of improper argument cannot be urged as error unless the aggrieved party had requested the trial court to correct it by instructing the jury to disregard it, except where the misconduct was so flagrant that no instruction could have cured it.

The defendant's objection in this case was couched in this language:

> I'm not usually one who will object during argument but I think we are going way beyond the evidence at this point in argument.

It will be seen that the basis for the objection of the defendant—that the prosecutor was stating his personal belief in the guilt of the defendant—was not brought to the court's attention and there was no request for an instruction to disregard the remarks.

■ There is no intimation in the prosecutor's argument in this case that his office had evidence of the defendant's guilt which was not presented at the trial, nor is there reference to any facts which lie outside of common knowledge as well as outside the evidence. However, there is an implication in the argument that it is the jury's duty to convict, rather than to decide the case upon the evidence, and that the case would not have been prosecuted if the state had not been sure of the guilt of the defendant. It is improper for the prosecutor to attempt to influence the jury with the prestige of his office. *State v. Case, supra.*

While we surmise that it was the purpose of the prosecutor, not to prejudice the jury but simply to persuade it not to allow sympathy to sway it in reaching its verdict, the jury could understand the remarks to mean that it should consider matters outside the evidence. Although the problems of automobile deaths from unsafe driving, the legislature's concern therewith, and the attempts of law enforcement officers to enforce the law are matters of common knowledge, and although they are matters with which we are all concerned, they are not factors to be weighed in determining the guilt or innocence of a particular defendant. Insofar as the prosecutor's argument suggested that weight should be given to them in making that determination, it was improper.

■ However, the prejudicial effect of these remarks was not so great, and they were not so inflammatory in nature, that we can presume that an instruction to disregard them and decide the case upon the evidence would have been ineffective to remedy the impropriety. Since none was requested, the error was waived. It is significant also that the trial court, although it considered the remarks

again on the motion for a new trial, was not persuaded that they were prejudicial.

The only misconduct complained of, outside of the remarks about the legislative and law enforcement processes, was the prosecutor's argument that the negligence of the other driver was a concurring, rather than an intervening cause, and, as we have held, this was a proper argument. There is little likelihood, if any, that the prosecutor's remarks affected the verdict, and no other error in the conduct of the trial has been brought to our attention. It cannot be said, on the record before us, that the defendant was denied a fair trial.

The order is reversed and the cause is remanded with directions to reinstate the verdict.

FINLEY, C. J., WEAVER and McGOVERN, JJ., and LANGENBACH, J. Pro Tem., concur.