[No. 40463. Department One. December 5, 1968.]

*In the Matter of the Application for a Writ of Habeas Corpus of* DOUGLAS DUANE JONES, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*\*

*Douglas Duane Jones,* pro se.

*The Attorney General* and *Lee D. Rickabaugh, Assistant,* for respondent.

PER CURIAM.—This is a petition for a writ of habeas corpus brought by the petitioner pro se. The judgment and sentence and the order of commitment were entered by the trial judge on February 28, 1968 and since that time the petitioner has been imprisoned.

\*Reported in 448 P.2d 335.

Although the petitioner alleges several grounds for the relief sought, there is only one question submitted to us with which we are primarily concerned and which we consider determinative of the issues before us at this time. That question is whether or not Rule on Appeal 46(a), RCW vol. 0, shall be explicitly followed by the superior courts of this state at the time of sentencing of the criminal defendant.

Rule on Appeal 46, RCW vol. 0, provides in part as follows:

Appeals in criminal cases. (a) *Superior Court Procedure at Time of Sentencing.*

The superior court shall, at the time of sentencing, unless the judgment and sentence are based on a plea of guilty, advise the defendant

(1) of his right to appeal,

(2) that unless a notice of appeal is filed within 30 days after the entry of the judgment or order appealed from, the right of appeal is irrevocably waived,

(3) that the superior court clerk will, if requested by defendant appearing without counsel, file a notice of appeal in his behalf, and

(4) of his right, if unable to pay the costs thereof, to have counsel appointed and portions of the trial record necessary for review of assigned errors transcribed at public expense for an appeal.

The following colloquy occurred in open court at the time of sentencing:

THE COURT: Oh excuse me, one other thing, Mr. Jones, I also want to advise you of your right to appeal from this matter, and if you desire to appeal this will be at public expense. I'm well aware of the fact that you do not have funds to retain and [sic] attorney.

MR. JONES: Well, I've talked to my lawyer about this —I mean, he can base my opinion on this better than I can.

MR. KLEIN: I would like the record to reflect at this time that I have discussed the matter with Mr. Jones, that we've discussed it in some little detail, and it is a little unusual under the circumstances when he does insist he is not guilty of this particular crime, but he has

come to accept it, and we've discussed the possibilities on appeal, and at least as of this time, he has an opinion that he does not wish to exercise the right of appeal, and I just want the record to show that we have discussed it.

We have recently become increasingly concerned by the apparent growing number of cases presented to us in which it is asserted that Rule 46 has not been complied with explicitly by the sentencing judge. This is very understandable when we realize that the rule is comparatively recent, and can be easily overlooked or forgotten for the moment, in some of its details, by any judge unless he has a copy of it before him.

In the present case, the trial judge advised the petitioner only of his right to appeal at public expense and added that he knew the petitioner was without funds with which to retain counsel.

The court, in advising the defendant, complied only with subsection (1) of ROA 46(a). The court did not advise the petitioner expressly of any of the other provisions of Rule 46(a), all of which are vital to a defendant's constitutional right of appeal. We believe Rule 46(a) means exactly what it says and that strict compliance with it in every detail is a mandatory duty of the sentencing judge.

This petitioner, speaking only through his attorney, was still protesting his innocence and the most that counsel said was that he did not want to appeal "as of this time", intimating that attorney and client had discussed only the possibility of success on appeal but not the requirements essential to perfecting an appeal.

The reason for the adoption of Rule 46 was to safeguard the indigent criminal defendant's constitutional right of appeal. In so doing, we have heeded the admonition of the United States Supreme Court which, in a case arising out of facts somewhat similar to those in the instant case, stated:

We are confident that the State will provide corrective rules to meet the problem which this case lays bare.

*Griffin. v. Illinois,* 351 U.S. 12, 20, 100 L. Ed. 891, 899, 76 Sup. Ct. 585, 55 A.L.R.2d 1055 (1956). *See also Burns v.*

*Ohio,* 360 U.S. 252, 258, 3 L. Ed. 2d 1209, 1213; 79 Sup. Ct. 1164 (1959).

Unless every trial court of this state follows the provisions of Rule 46(a) expressly, the purposes to be accomplished by the rule will be defeated. Therefore, this case is remanded for reentry of judgment and sentence in compliance with ROA 46(a). Any sentence which may be herein imposed shall commence as of the date of the original judgment and sentence and order of commitment.