[No. 40704.    En Banc.    November 12, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD DEWEY
JACOBSEN, *Appellant.**

*Reported in 477 P.2d 1.

492

*Lowell D. Sperline* and *David. T. Ellis,* for appellant (appointed counsel for appeal).

*E. R. Whitmore, Jr.,* for respondent.

NEILL, J.—Defendant was charged with negligent homicide by motor vehicle. Following the jury verdict of guilty, the trial court granted defendant's motion for a new trial. The state appealed. We reversed and remanded with instructions to reinstate the verdict. *State v. Jacobsen,* 74 Wn.2d 36, 442 P.2d 629 (1968). Defendant now appeals from the judgment and sentence.

As set forth in *State v. Jacobsen, supra,* the fatal accident giving rise to the charge against defendant occurred at an uncontrolled intersection. Defendant was the favored driver, but was exceeding the speed limit. The driver of the other (disfavored) vehicle, in which the decedent was a passenger, failed to yield the right-of-way.

The state moves to dismiss this appeal. The motion is based on ROA I-16, the pertinent portion of which reads:

> Without the necessity of taking a cross-appeal, the respondent may present and urge in the supreme court any claimed errors by the trial court in instructions given or refused and other rulings which, if repeated upon a new trial, would constitute error prejudicial to the respondent.

The state argues that the word "may" in the above portion of the rule yields a mandatory result in that defendant, having failed to exercise his right in the first appeal, is now foreclosed.

To the contrary, defendant asserts that the language of ROA I-16 is permissive. He contends that he was not required, as respondent in the first appeal, to raise issues not inherent in the state's assignment of error. He bolsters his argument by reference to ROA I-46(a) and CrR 101.04W(h) which require the trial court, at the time of sentencing, to advise the defendant of his right of appeal, the time limits thereof, and the availability of legal assistance. If the state's interpretation of ROA I-16 is accepted, argues defendant, the purpose of ROA I-46(a) and CrR 101.04W(h) is thereby thwarted.

■ The issues now raised by defendant could have been raised by him on the state's appeal without cross-appealing. *Larson v. Seattle,* 25 Wn.2d 291, 171 P.2d 212 (1946); ROA I-16. The question remains whether they *must* have been raised. A similar procedural question was presented in *State v. Bauers,* 25 Wn.2d 825, 172 P.2d 279 (1946). There, we clearly set forth our policy against piecemeal appeals, but did not dismiss the appeal due to the failure of this court to consider issues actually raised on the first appeal and also to our interim overruling of the first *Bauers* decision. We adhere to our policy which prohibits issues from being presented on a second appeal that were or could have been raised on the first appeal. *State v. Bauers, supra.*

However, to read ROA I-16 as suggested by the state would render the trial court's obligation under ROA I-46(a) and CrR 101.04W(h) meaningless. *See Jones v. Rhay,* 75 Wn.2d 21, 448 P.2d 335 (1968). We hold that ROA I-16 is not mandatory in a criminal case where, as here, the first appeal was from an interlocutory order preceding the final sentencing of the defendant to the extent that the issues raised in the second appeal did not necessarily inhere in the contentions on the prior appeal.

■ Only one of defendant's assignments of error (a challenge to the sufficiency of the evidence) involves an issue foreclosed by the first appeal. Although this assignment of error could include the issue of whether the evidence supports a finding that defendant's conduct was more than ordinary negligence and constituted operation of a

vehicle in a reckless manner or with disregard for the safety of others, no argument thereon is contained in the brief. We do not consider that issue. *State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969). Rather, the thrust of defendant's argument on this assignment of error is that mathematical calculations place the proximate cause of the victim's death with Miss Connie King, the other driver. That assertion was considered in *State v. Jacobsen, supra,* at 37-38. There we held that this case presents a situation involving, at most, concurrent causes which would not change the character of defendant's conduct as a proximate cause of the collision. That disposition forecloses a second appeal on the issue of proximate cause.

Defendant's other assignments of error were not inherent in the contentions in the first appeal. We proceed to their merits.

Defendant contends that the trial court commented on the evidence in violation of Const. art. 4, § 16. At the time of the alleged comment, a diagram of the accident scene and 11 photographs depicting the accident scene and the damaged automobiles had been admitted into evidence. Two of the photographs also showed the occupants of the other automobile lying on stretchers under blankets. Shortly thereafter, during argument on defense counsel's objection to certain testimony, the court retired the jury and allowed them to take the photographic exhibits with them. Defendant argues the court thus inadvertently and subtly commented on the evidence.

Permitting the jury to have and examine these particular exhibits, urges defendant, "quite probably" caused the jury to believe that the court intended these photographs to be considered above all other physical and narrative evidence and that, since this was the state's evidence, the court was telling the jury that the state must be correct in filing the charge against the defendant. According to defendant, it would not occur to the jury that the court was simply trying to move the trial along in an orderly fashion. Indeed, defendant contends that the court's action was so subtle that it is extremely doubtful that the jury even recognized

the procedure as a comment on the evidence. Therefore, the court's later admonition in its instructions that the jury should not mistake any of the court's actions as a comment on the evidence was insufficient to cure the error. In sum, it is the defendant's position that the court's procedure was so subtle a comment on the evidence that the jury did not take it as a comment. The contention answers itself.

█ The purpose of Const. art. 4, § 16 is to prevent the jury from being influenced by knowledge conveyed to it by the trial judge as to his opinion of the evidence submitted. In keeping with this purpose, we have consistently held that this constitutional prohibition forbids only those words or actions which have the effect of conveying to the jury a personal opinion of the trial judge regarding the credibility, weight or sufficiency of some evidence introduced at the trial. *E.g., State v. Galbreath,* 69 Wn.2d 664, 419 P.2d 800 (1966); *State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966); *State v. Brown,* 19 Wn.2d 195, 142 P.2d 257 (1943); *State v. Surry,* 23 Wash. 655, 63 P. 557 (1900).

In determining whether words or actions amount to a comment on the evidence, we look to the facts and circumstances of the case. It is, of course, possible that the personal opinion of a trial judge may be conveyed both directly and by implication. *See State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968). However, the challenged action of the trial court did not convey to the jury, either directly or by implication, any suggestion as to the court's opinion or feelings as to the credibility, sufficiency or weight of the photographic evidence.

Error is next assigned to the testimony of a police witness that the extent of damage to the automobiles was inconsistent with a collision of vehicles traveling within the legal speed limits. The witness, Sergeant Gross, testified that he had been investigating automobile accidents during his 16½ years with the Wenatchee Police Department. He had investigated this accident and described the damaged condition of the automobiles involved. The following colloquy then took place:

Q: From your experience in this field, do you have an opinion as to whether damage of this nature would be consistent with a collision between cars at speeds within the speed limit? A: I would say—[Defense counsel]: I'm going to object, I don't think there is a proper foundation laid for that opinion. THE COURT: Overruled. Q: My question was, do you have an opinion? A: Yes, I do. Q: What would your opinion be? A: I would say it was severe damage for a city accident where the speed limit is twenty-five miles an hour. Q: My question would be whether it would be consistent with cars being driven within the speed limit? A: No, it would not be consistent.

■ Insofar as defendant's assignment of error seeks to attack the subject matter of this testimony, it must fail under our settled rule that issues not raised in the trial court will not be considered unless they involve incurable error.[1] *E.g., State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969); *State v. Gefeller,* 76 Wn.2d 449, 458 P.2d 17 (1969). Further, the contention lacks merit in view of direct testimony, including that of defendant himself, indicating that he was traveling in excess of the speed limit.

The sole question raised at the trial court, and properly

---

[1] In *Gerberg v. Crosby,* 52 Wn.2d 792, 795, 329 P.2d 184 (1958), we stated:

"If the inferences to be drawn from physical facts are not a matter of such general knowledge as to be within the common experience of laymen, opinion evidence by a *qualified* expert is admissible to assist the jury in the proper understanding of the physical facts. *Knight v. Borgan* (1958), *ante* p. 219, 324 P. (2d) 797; *Hopkins v. Comer* (1954), 240 N.C. 143, 81 S.E.(2d) 368; *Swanson v. LaFontaine* (1953), 238 Minn. 460, 57 N.W.(2d) 262. '. . . If the issue involves a matter of common knowledge about which inexperienced persons are capable of forming a correct judgment, there is no need for expert opinion. There are many matters, however, about which the triers of fact may have a general knowledge, but the testimony of experts would still aid in their understanding of the issues. . . .' Mason Ladd, Dean, The State University of Iowa College of Law, 'Expert and Other Opinion Testimony,' 40 Minn. L. Rev., 437, 443.

"This court has long recognized that a *qualified expert* is competent to express an opinion on a *proper subject* even though he thereby expresses an opinion on the ultimate fact to be found by the trier of fact."

*See also, Moyer v. Clark,* 75 Wn.2d 800, 454 P.2d 374 (1969). *Cf., Ewer v. Johnson,* 44 Wn.2d 746, 270 P.2d 813 (1954).

before us here, pertains to the qualifications of the witness. Defendant argues that the fact that Sergeant Gross had investigated accidents during his 16½ years with the Wenatchee police was not sufficient to qualify him as an expert.

▪ The sufficiency of the qualifications of an expert witness is a matter within the sound discretion of the trial court. *State v. Nelson,* 72 Wn.2d 269, 432 P.2d 857 (1967); *State v. Tatum,* 58 Wn.2d 73, 360 P.2d 754 (1961).

Defendant cites to us the case of *Oyster v. Dye,* 7 Wn.2d 674, 110 P.2d 863, 133 A.L.R. 683 (1941), wherein we held that the trial court had abused its discretion in permitting a witness to testify as an expert. There, even though the witness had admitted his total lack of experience with automobile wrecks, he was allowed to state his opinion as to speed based upon, *inter alia,* damage to the car. Under those circumstances, abuse of discretion was evident. The present case is a different matter. Here the witness testified to some 16½ years of experience investigating accidents. The nature of that experience was further clarified when, on cross-examination, Sergeant Gross stated that he had investigated 25 or 30 accidents of the same type as that involved in this case. In the light of these circumstances, the trial court did not abuse its discretion in allowing the testimony.

Defendant next contends that one of the photographic exhibits should not have been admitted. That issue is raised here for the first time and will not be considered. *State v. Mudge,* 69 Wn.2d 861, 420 P.2d 863 (1966).

▪ Defendant further argues that subsection 2 of RCW 46.61.520, the statute under which he was charged, in permitting the court to sentence to either the penitentiary or the county jail, violates the due process and equal protection clauses of the Fourteenth Amendment, and thereby also constitutes cruel and unusual punishment. We have heretofore considered similar contentions as to this statute and determined that it is not unconstitutional. *State v. Harvey,* 57 Wn.2d 295, 356 P.2d 726 (1960); *State v. Sayward,* 66 Wn.2d 698, 404 P.2d 783 (1965). *See also, State v. Blanchey,* 75 Wn.2d 926, 454 P.2d 841 (1969).

Defendant also attacks subsection (1) of RCW 46.61.520, in which two elements of the crime of negligent homicide are stated as driving "in a reckless manner" or "with disregard for the safety of others." We have interpreted the statutory element of "disregard for the safety of others" as implying an aggravated kind of negligence, falling short of recklessness, but more serious than ordinary negligence. *State v. Brooks*, 73 Wn.2d 653, 440 P.2d 199 (1968); *State v. Eike*, 72 Wn.2d 760, 435 P.2d 680 (1967); *State v. Partridge*, 47 Wn.2d 640, 289 P.2d 702 (1955). It is defendant's contention that the statutory elements, as interpreted by this court, are so vague that an accused cannot understand the nature of the crime charged so as to intelligently admit or deny guilt. We disagree.

■■ To meet the constitutional test of due process, a criminal statute must be sufficiently definite to inform a person with reasonable precision what acts are prohibited so that he may have a certain, understandable rule of conduct and know what acts he must avoid. *See* generally, 16 Am. Jur. 2d *Constitutional Law* § 552 (1964). We are of the view that this statute fairly apprises, in words of common understanding, the acts or omissions proscribed. Criminal statutes need not spell out with absolute certainty every act or omission which is prohibited if the general terms of the act convey an understandable meaning to the average person. *See* Annot., 12 A.L.R.2d 580 (1950). This is especially true where the subject matter, as here, does not admit of precision. We think the terms "disregard for the safety of others" and "reckless manner" adequately convey such meaning. A similar attack was made on Oregon's negligent homicide statute. After an exhaustive review of the authorities, the attack was rejected. *State v. Wojahn*, 204 Ore. 84, 282 P.2d 675 (1955). We are in accord with the view expressed by the Oregon court on this issue.

■ Lastly, defendant contends that the state, in charging him while not charging the driver of the disfavored vehicle, denied him equal protection of the law. This contention is premised solely upon the fact that the prosecutor has failed to proceed against another who, defendant

claims, is equally guilty. Defendant has neither asserted nor offered proof that the prosecutor's conduct in this matter was without reasonable justification and constituted intentional or purposeful systematic discrimination in the enforcement of the law. The failure to prosecute all other possible violators of the law is not, per se, contrary to the Equal Protection Clause of the Fourteenth Amendment, United States Constitution, or of article 1, section 12 of the Washington Constitution. *See People v. Harris,* 182 Cal. App. 2d 837, 5 Cal. Rptr. 852 (1960); *Edelman v. California,* 344 U.S. 357, 97 L. Ed. 387, 73 S. Ct. 293 (1953); *Boynton v. Fox West Coast Theatres Corp.,* 60 F.2d 851 (10th Cir. 1932); *Ah Sin v. Wittman,* 198 U.S. 500, 49 L. Ed. 1142, 25 S. Ct. 756 (1905); 4 Gonzaga L. Rev. 233, 245-51 (1969); Comment, 61 Columbia L. Rev. 1103 (1961). Defendant's contention is insufficient.

The judgment of the trial court is affirmed.

ALL CONCUR.

December 30, 1970. Petition for rehearing denied.