IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | |
| | ) | No. 34625-1-III |
| L.T.S., | ) | |
| | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |
| | ) | |

KORSMO, J. — L.T.S. appeals a jury verdict finding that he was gravely disabled as a result of a mental disorder and ordering a 180-day less restrictive alternative treatment regime. On appeal, he argues that an unchallenged jury instruction constituted a comment on the evidence. We reject that contention and affirm the jury's verdict.

FACTS

Some of the history of the involvement of L.T.S. with Washington's mental health treatment system is briefly mentioned in a previous appeal he brought to this court, *Involuntary Treatment of L.T.S.*, 197 Wn. App. 230, 389 P.3d 660 (2016).[1] This appeal results from the jury trial that ensued after a different commitment order.

---

[1] In that case, this court rejected an argument that an instruction based on RCW 71.05.285 constituted a judicial comment on the evidence. 197 Wn. App. at 237-238.

No. 34625-1-III
*In the Matter of the Detention of L.T.S.*

Four mental health professionals testified that L.T.S. was gravely disabled and should be ordered to participate in treatment through a least restrictive alternative program. Jury instructions were discussed on several occasions. In each instance, counsel for L.T.S. expressed no objection to the instructions. Standard instructions defining "gravely disabled" and listing factors for the jury to consider were given. Clerk's Papers (CP) at 42, 44-45; Report of Proceedings (RP) at 106-107. The court also gave instruction 8, a non-pattern instruction, which is at issue here:

> A person who is the subject of an involuntary proceeding may be found to be gravely disabled despite evidence that the person has stabilized or improved while being treated.
> Factors which may be considered in deciding whether a person is gravely disabled include a person's past patterns of behavior, prior decomposition when not under treatment, and discontinuing his or her medication, a person's dangerous behavior as a result of his or her serious mental disorder while not medicated, a person's lack of appreciation for the necessity of taking his or her medication, a person's stated intent to discontinue medication unless ordered by the court, and the very high probability that a person's behavior will once again become dangerous to himself and others if not under court order to take his or her medication.

CP at 43; RP at 106.

Both attorneys argued instruction 8 to the jury in closing. The jury concluded that L.T.S. was gravely disabled and would benefit from a least restrictive alternative. CP at 50. The court ordered 180 days of outpatient treatment. CP at 51-56. L.T.S. then timely appealed to this court. A panel considered the matter without hearing argument.

2

No. 34625-1-III
*In the Matter of the Detention of L.T.S.*

ANALYSIS

The sole issue presented by this appeal is a challenge to instruction 8 on the theory that it improperly conveyed the judge's personal opinion concerning the evidence to the jury. This instruction did not violate our constitutional prohibition.

Typically, the failure to object to a jury instruction waives any challenge to the instruction. *State v. Scott*, 110 Wn.2d 682, 685-686, 757 P.2d 492 (1988). In order to preserve jury instruction challenges, a party must give "timely and well stated objections" so that a trial court can correct error. *Id.* at 685-686. This is consistent with the general rule in Washington that an appellate court will not consider an issue on appeal that was not first presented to the trial court. RAP 2.5(a).

However, RAP 2.5(a)(3) permits a party to raise initially on appeal a claim of "manifest error affecting a constitutional right." The error must be both (1) manifest and (2) truly of constitutional magnitude. *Id.* at 688. A claim is manifest if the facts in the record show that the constitutional error prejudiced the defendant's trial. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). However, if the necessary facts are not in the record, "no actual prejudice is shown and the error is not manifest." *Id.* Definitional instructions ordinarily do not present issues of a constitutional nature. *State v. O'Hara*, 167 Wn.2d 91, 101, 217 P.3d 756 (2009); *Scott*, 110 Wn.2d at 690-691.

Thus, L.T.S. can challenge instruction 8 in this proceeding only if it is one of the rare definitional instructions that presents a genuine question of constitutional error.

3

No. 34625-1-III
*In the Matter of the Detention of L.T.S.*

Article IV, § 16 of our constitution prohibits judges from commenting on the evidence before the jury: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." "A statement by the court constitutes a comment on the evidence if the court's attitude toward the merits of the case or the court's evaluation relative to the disputed issue is inferable from the statement." *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995). A jury instruction that removes a factual matter from the jury also constitutes a comment on the evidence in violation of this section. *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997). The purpose of the constitutional provision "is to prevent the jury from being unduly influenced by the court's opinion regarding the credibility, weight, or sufficiency of the evidence." *State v. Sivins*, 138 Wn. App. 52, 58, 155 P.3d 982 (2007) (citing *State v. Eisner*, 95 Wn.2d 458, 462, 626 P.2d 10 (1981)). In determining whether a statement by the court amounts to a comment on the evidence, a reviewing court looks to the facts and circumstances of the case. *State v. Jacobsen*, 78 Wn.2d 491, 495, 477 P.2d 1 (1970).

Instruction 8 neither conveyed the judge's view of the case and the evidence to the jury, nor did it remove a factual matter from the jury's consideration. Instead, L.T.S. argues that the instruction wrongly limited the evidence the jury could consider in determining whether the least restrictive alternative was appropriate for him. He relies on an easily distinguishable case, *State v. Hermann*, 138 Wn. App. 596, 158 P.3d 96 (2007).

4

In *Hermann*, the valuation of stolen jewelry was at issue and the parties presented competing expert testimony concerning value. *Id.* at 600-601. The instruction at issue stated: "Evidence of a retail price may be sufficient to establish value." *Id.* at 606. The court determined the instruction was error because it did not include the other theories of value presented to the jury, effectively favoring the retail price over the other evidence in a manner that conveyed judicial preference for giving greater weight to that evidence. *Id.* at 607.

Unlike the instruction in *Hermann*, instruction 8 did not favor one piece of evidence over others. By its terms, the list of factors was nonexclusive, so even if the instruction was under inclusive, it could not *favor* some evidence over others. In addition, L.T.S. has not identified any matters in evidence that should have been included in the instruction so that it could be said to have improperly favored one side over the other. Instead, he argues that his own testimony negated those factors—he had a stable living arrangement and would now take his medication. Evidence about a definitional factor is not itself a separate definitional factor for the jury to consider. Rather, the jury considers that testimony in the context of determining whether or not the definitional factor (here, failure to take medication resulting in mental health problems) was established or not. For both reasons, this fact pattern is not *Hermann*. L.T.S. has not established that it constitutes manifest constitutional error.

But, even if the instruction had been erroneous, it also was harmless. A comment on the evidence is constitutional error, which is presumed harmful unless the State proves that the error was harmless. *State v. Levy*, 156 Wn.2d 709, 725, 132 P.3d 1076 (2006). Typically, an error of constitutional magnitude is considered harmless when the State establishes harmlessness beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). That is the case here.

First, as previously stated, this instruction did not claim exclusivity in defining "gravely disabled" for the jury and the fact that there was evidence on both sides of the equation did not alter the definition. If it should have been worded differently, the instruction as given did not favor one side over the other and any language error was not consequential because the stated definition was correct. In addition, defense counsel properly addressed the instruction in closing argument, telling the jury that past failures to take medication were not instructive now that L.T.S. was taking his medication and affirming his intent to continue to do so. RP at 130-131. In essence, counsel argued that his client had learned his lesson and was not condemned to repeat his past history. This argument addressed a significant issue in the definition of "gravely disabled" and allowed L.T.S. to negate the State's case. The defense understandably did not challenge the instruction and, instead, used it to its advantage in explaining why he was no longer gravely disabled. In these circumstances, the instruction did not harm the defense and any error in the instruction was harmless beyond a reasonable doubt.

6

No. 34625-1-III
*In the Matter of the Detention of L.T.S.*

Because the instruction was neither erroneous nor harmful, we affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

7