IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79347-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD LAMONT MOORE, JR. | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Reginald Moore appeals his conviction of domestic violence felony violation of a court order. He claims the trial court impaired his ability to present his defense theory to the jury, interfered with his right to cross-examine a key witness, and impermissibly commented on the evidence. We disagree and affirm.

FACTS

Moore and L.R. are former romantic partners. As of June 2018, Moore had twice violated a court order that prohibited him from coming within 500 feet of L.R. and from having any contact with her. He again contacted and threatened L.R. on June 28, 2018.

The State charged Moore by amended information with one count of felony harassment and one count of felony violation of a court order. The State also alleged Moore committed these offenses against a family or household member and as part of an ongoing pattern of domestic violence.

Only three witnesses testified at trial: L.R., L.R.'s acquaintance Anjelica Garcia, and Seattle Police Detective Kailey McEvilly. Moore neither testified nor presented any defense witnesses. The jury acquitted Moore of the harassment charge but convicted him of the felony violation of a no-contact order charge with both aggravators. Moore appeals.

## DISCUSSION

Moore asserts four claims on appeal. We address them in the order presented in his briefing.

### I. Presentation of Defense Theory

Moore first contends the trial court denied his right to present a complete defense when, during closing argument, it instructed the jury to disregard his statement about the State's "missing witnesses."[1] He argues the court's instruction impaired his theory that the State failed to bring forward corroborating witnesses and implied that the State was not obligated to investigate potential witnesses. Moore's argument is not persuasive because it is not supported by the record.

---

[1] Report of Proceedings (RP) (Dec. 3, 2018) at 668 ("First, there were missing witnesses.")

2

Both the federal and our state constitution guarantee criminal defendants a right to present a defense.[2] This right, however, does not extend to irrelevant or inadmissible evidence.[3] We review a trial court's evidentiary rulings for abuse of discretion.[4] "A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons."[5]

At closing, Moore argued there were "seven to 10" possible eyewitnesses to this incident but that "[t]hey're absent" from the trial.[6] He also argued, "There's missing evidence,"[7] and

> [t]he issue for you is whether this happened at all. All you have is two contradictory witnesses and a complete lack of follow-up investigation. You have no objective corroborating evidence. You have witnesses who are vastly inconsistent regarding the details.
>
> . . . .
>
> Does the testimony you've heard leave you satisfied that you know the truth about what happened without a doubt? Each bit of lacking evidence that would have corroborated this story, each bit, every inconsistency creates a doubt. And you only need one to be obligated to find Reggie Moore not guilty.
>
> . . . .

---

[2] U.S. CONST. amends. V, VI, XIV; WASH. CONST. art I, §§ 3, 22; Chambers v. Mississippi, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 298 (1973).

[3] State v. Blair, 3 Wn. App. 2d 343, 349, 415 P.3d 1232 (2018).

[4] State v. McDonald, 138 Wn.2d 680, 693, 981 P.2d 443 (1999).

[5] State v. Lord, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007).

[6] RP (Dec. 3, 2018) at 669.

[7] Id. at 670.

> Reggie Moore was arrested . . . without anyone bothering to try to speak to him first . . . [or] asking where he actually was between 6:00 and 10:00 a.m. on June 28th. Without any objective evidence of guilt.[8]

Based on this record, Moore argued the lack of follow-up investigation and the absence of corroborating evidence. We conclude the court's ruling did not prevent Moore from arguing his defense theory to the jury.

We also conclude the trial court correctly sustained the State's objection to Moore's use of the term "missing witnesses." When a party fails to call a witness that it would naturally call if the witness's testimony would be favorable, the missing witness doctrine allows the jury to infer that the uncalled witness's testimony would have been unfavorable.[9] However, Moore never sought a missing witness instruction and, therefore, failed to establish a basis for such an inference.

*II. Cross Examination*

Next, Moore contends the trial court violated his right to cross-examine L.R. when it sustained an objection to a question about her "using drugs" on the day of the incident.[10] He argues the court prohibited him from pursuing L.R.'s ability to perceive and recall the incident. Because he failed to lay an appropriate foundation for questioning L.R. on this topic, we disagree.

---

[8] Id. at 676, 677, 679 (emphasis added).

[9] State v. Blair, 117 Wn.2d 479, 485-86, 816 P.2d 718 (1991) (quoting State v. Davis, 73 Wn.2d 271, 276, 438 P.2d 185 (1968)).

[10] RP (Nov. 28, 2018) at 430.

Criminal defendants have the right to cross-examine witnesses guaranteed by both the federal and state constitutions.[11]  However, this right is not absolute, as it is well settled that "evidence of drug use is admissible to impeach the credibility of a witness if there is a showing that the witness was using or was influenced by the drugs at the time of the occurrence which is the subject of the testimony."[12]  Because the scope of such cross-examination is left to the sound discretion of the trial court, we review for abuse of that discretion.[13]

Here, outside the presence of the jury, Moore acknowledged that, despite having an opportunity to interview L.R. about using drugs, he did not have any evidence that she had used drugs on the date of the incident.  Nor was there any evidence that L.R. was under the influence of drugs while testifying at trial.  The court properly sustained the State's objection to Moore's drug use inquiry.[14]  There was no abuse of discretion here.

---

[11] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; State v. Smith, 148 Wn.2d 122, 131, 59 P.3d 74 (2002).

[12] State v. Russell, 125 Wn.2d 24, 83, 882 P.2d 747 (1994).

[13] Id. at 92.

[14] See State v. Thomas, 150 Wn.2d 821, 863, 83 P.3d 970 (2004) (no abuse of discretion when trial court precluded questions of defendant who had "'[n]othing concrete' in the way of evidence showing [the witness] was under the influence of drugs" on the date at issue).  Here, however, because the issue was already before the jury, the court allowed L.R. to answer whether she had used drugs on June 28 but forbade Moore from exploring that issue any further.

*III. Comment on the Evidence*

Moore also contends the trial court impermissibly commented on the evidence on three occasions. Again, we disagree.

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."[15] This provision "forbids only those words or actions which have the effect of conveying to the jury a personal opinion of the trial judge regarding the credibility, weight, or sufficiency of some evidence introduced at the trial."[16] A judge's statements or actions constitute comments on the evidence if the jury can reasonably infer the court's attitude toward the merits of the case.[17] We review the facts and circumstances of the case to determine whether the trial court's actions or words amount to a comment on the evidence.[18]

First, Moore argues that "the court conveyed its opinion on the ease with which the jury should resolve the allegations"[19] when it stated:

> Once the case has been presented, then it will be sent to the jury to deliberate. And the amount of time that the deliberation will take will be entirely up to the jury. I cannot give you any estimate as to how long that could take. It could take a matter of hours; it could take a couple of days. I think it's unlikely that it will take that long. But again, that's completely within your control.[20]

---

[15] WASH. CONST. art. IV, § 16.

[16] State v. Jacobsen, 78 Wn.2d 491, 495, 477 P.2d 1 (1970).

[17] State v. Elmore, 139 Wn.2d 250, 276, 985 P.2d 289 (1999).

[18] Jacobsen, 78 Wn.2d at 495.

[19] Appellant's Br. at 23.

[20] RP (Nov. 27, 2018) at 180.

At that point, jury selection had not yet started, and the court was addressing all of the potential jurors prior to inquiring about their hardships to serve.  Though the court noted some possible lengths of deliberations, it expressly said such length was within the jury's control.  Taken in context, the court's statement did not convey any personal opinion about the strength of the evidence on either side or about the merits of the case.

Next, Moore claims the court conveyed its opinion about the simplicity of the claims when, after the jury's guilty verdict, it prepared the jury to hear evidence pertaining to the aggravator and stated,

> Because there—because [you did] render a guilty verdict as to count two, there are some additional issues that the law is going to require you to address.  The State has alleged an aggravating circumstance.
>
> Because it is—it will be relatively—the amount of time that this next phase will not be long as the first part took, I can assure you of that.  But because we are now in the lunch hour, and I understand that one of you has a commitment at 1:00, my—what I'd like to do is have you go back to the jury room, figure out what time would be appropriate for you to come back this afternoon, and then, at that point, I will instruct you on the aggravating circumstance and how to proceed, and then give that to you for your deliberations today.
>
> I think we should be able to resolve this issue by 4:00 or 4:30 at the latest today, okay?[21]

The court and parties then selected a time, based on the resolution of a juror's scheduling conflict, to reconvene trial that afternoon.  The court's statement to

---

[21] RP (Dec. 4, 2018) at 717.

7

the jury, in context, addresses when they would receive the issue for deliberation, not when they would decide the issue. The statement was not a comment on the evidence.

Finally, Moore contends the court commented on the evidence during the following portion of closing arguments:

[PROSECUTOR]:    Angie did testify—[L.R.] did testify that the defendant wanted her to tell Angie to stop her communication with 911.

[DEFENSE COUNSEL]:    Objection, facts not in evidence.

[PROSECUTOR]:    And Your Honor, I believe [L.R.] did, in fact, testify to that.

THE COURT:    I do recall that, so I'm going to overrule.[22]

Although Moore takes issue with it, the emphasized remark did not comment on the evidence. Courts have the right to give reasons for their rulings on objections, and such reasons will not be treated as comments on the evidence so long as they do not reveal the court's attitude toward the evidence.[23] Here, the court merely conveyed its memory of L.R.'s testimony. The statement neither expressed nor implied an opinion about L.R.'s credibility or her testimony.

---

[22] RP (Dec. 3, 2018) at 640 (emphasis added).

[23] See State v. Cerny, 78 Wn.2d 845, 855-56, 480 P.2d 199 (1971); State v. Pastrana, 94 Wn. App. 463, 480, 972 P.2d 557 (1999).

*IV. Cumulative Error*

Given our conclusion that Moore has not established error, his claim of cumulative error also fails.

We affirm.

_____
Verellen, J.

WE CONCUR:

_____                    _____
Mann, C.J.                                                                        Dwyer, J.