IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82707-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS BRUCE KADYK, JR. | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Douglas Kadyk appeals his reckless driving conviction. He contends that the trial court impermissibly commented on the evidence in an evidentiary ruling allowing his expert to testify. Because the court's explanation of its ruling was not an improper comment, we affirm.

FACTS

On April 11, 2020, a Washington State Patrol trooper arrested Kadyk for driving while under the influence (DUI). The State later charged Kadyk with felony DUI, reckless driving, and third degree driving while license suspended (DWLS).

At trial, Kadyk called expert toxicologist Dr. Kirk Van Ness to offer opinions regarding alcohol pharmacokinetics and blood-alcohol content based on consumption. When Van Ness was asked to view the law enforcement's video of Kadyk's arrest and opine on whether the video "would belie someone who was

driving under the influence at about a [blood alcohol level of] .27," the State objected that this was beyond the scope of Van Ness's expertise.[1]

Defense counsel responded that Van Ness was an "expert in toxicology" and "an expert in the symptoms of consumption of alcohol which include divided attention tasks as has been established by some of the State's witnesses, which is included with driving, Your Honor."[2] In ruling on the objection, the trial court said:

> This witness's expertise is not so much as to what driving looks like when a person is under the influence but it's more in another, a more academic area involving methodology and processes. However, I will indulge this for this time and allow the witness to view the video and express his opinion. The objection will go to the weight.[3]

Upon viewing the video, Van Ness testified that it showed Kadyk in a state of excitement and did not show him exhibiting signs of intoxication.

The jury convicted Kadyk of reckless driving and DWLS but could not reach a verdict on the DUI charge.[4]

Kadyk appeals.

## DISCUSSION

Kadyk alleges the trial court improperly commented on the evidence when it overruled an objection as to the scope of Van Ness's testimony. We find no merit in this allegation.

---

[1] Report of Proceedings (RP) (March 2, 2021) at 1663-64.

[2] Id. at 1664.

[3] Id.

[4] The trial court declared a mistrial as to the DUI charge and dismissed it without prejudice.

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."[5]  This provision "forbids only those words or actions which have the effect of conveying to the jury a personal opinion of the trial judge regarding the credibility, weight, or sufficiency of some evidence introduced at the trial."[6]  A judge's statements or actions constitute comments on the evidence if the jury can reasonably infer the court's attitude toward the merits of the case.[7]  We review the facts and circumstances of the case to determine whether the trial court's actions or words amount to a comment on the evidence.[8]

When the trial court said Van Ness's expertise was "a more academic area involving methodology and processes," Kadyk claims that "it commented on the credentials of the defense expert and the quality of his opinions."[9]  At this point in trial, Van Ness had not yet watched the arrest video or offered his opinion on what he observed in the video.  In context, the trial court's statement was merely an explanation for its evidentiary ruling allowing Van Ness to testify.  Courts are free to give reasons for their rulings on objections, and such reasons will not be treated as comments on the evidence so long as they do not reveal the court's attitude toward the evidence.[10]  Here, the statement neither expressed nor implied an

---

[5] WASH. CONST. art. IV, § 16.

[6] State v. Jacobsen, 78 Wn.2d 491, 495, 477 P.2d 1 (1970).

[7] State v. Elmore, 139 Wn.2d 250, 276, 985 P.2d 289 (1999) (citing State v. Carothers, 84 Wn.2d 56, 267, 525 P.2d 731 (1974)).

[8] Jacobsen, 78 Wn.2d at 495.

[9] Appellant's Br. at 9.

[10] See State v. Cerny, 78 Wn.2d 845, 855-56, 480 P.2d 199 (1971); State v. Pastrana, 94 Wn. App. 463, 480, 972 P.2d 557 (1999).

opinion about Van Ness's credentials, the quality of his opinions, or the merits of Kadyk's case.

Moreover, the trial court instructed the jury to "not be concerned during your deliberations about the reasons for my rulings on the evidence" and to "not speculate whether the evidence would have favored one party or the other."[11]  It also instructed the jury to disregard any perceived comment on the evidence and said, in pertinent part, "If it appeared to you that I have indicated my personal opinion in any way, either during trial or in giving these instructions, you must disregard this entirely."[12]  "The jury is presumed to have followed the court's instructions."[13]

Kadyk fails to establish any error here.  Therefore, we affirm.

WE CONCUR:

---

[11] RP (Mar. 3, 2021) at 1728.

[12] Id. at 1730.

[13] Cerny, 78 Wn.2d at 856 (citing State v. Willis, 67 Wn.2d 681, 686, 409 P.2d 669 (1966)).