155 P.3d 982 (2007)
STATE of Washington, Respondent,
v.
Randall Eric SIVINS, Appellant.
No. 24838-1-III.
Court of Appeals of Washington, Division 3.
April 17, 2007.
*984 Carol L. La Verne, Attorney at Law, Whitman Co Pros Attorney, Colfax, WA, for Respondent.
Dennis W. Morgan, Attorney at Law, Ritzville, WA, for Appellant.

PUBLISHED OPINION
SCHULTHEIS, J.
¶ 1 Randall Eric Sivins appeals his judgment and sentence based on a conviction for attempted second degree rape of a child. Mr. Sivins' primary claim is that the trial court's disclosure to the jury venire of previously suppressed evidence constituted a judicial comment on the evidence. He also contends that the evidence was insufficient to *985 support the conviction. Because we conclude the court's disclosure was not a judicial comment on the evidence and that sufficient evidence supports the conviction, we affirm.

FACTS
¶ 2 On September 16, 2004, Washington State University (WSU) police intern, Travis Card, created an online Yahoo profile of "KayleeG12" (Kaylee), a fictitious 13-year-old girl who lived in Pullman, Washington. Report of Proceedings (RP) (Oct. 17, 2005) at 70. This action was part of an Internet sting operation organized by WSU police who trained student interns to create fictitious personas who would be attractive to child predators. After creating these profiles, the interns waited in teen chat rooms until contacted by a suspect.
¶ 3 Mr. Sivins first contacted Kaylee on October 27, 2004, indicating he was a single 23-year-old male who lived in Washington State. When Kaylee communicated that she was just 13, Mr. Sivins replied, "Age is just a number, right?" RP (Oct. 17, 2005) at 85. The rest of their communication established that Kaylee's favorite drink was vodka, that she was caught drinking by her father, that she had given her boyfriend oral sex, and that she was a virgin.
¶ 4 Kaylee got back on-line on March 1, 2005. During this communication, she told Mr. Sivins that she had had a birthday on November 24, 2004. The next day, Mr. Sivins sent an e-mail informing Kaylee that he had purchased a vibrator for her birthday. She confessed that she had previously lied about her age, explaining that she was only 12 years old when they first communicated, and had just turned 13 on her last birthday. Mr. Sivins replied, "age is just a number." RP (Oct. 18, 2005) at 114. He then mailed a vibrator to Kaylee at a post office box in Pullman where it was collected by a WSU police sergeant.
¶ 5 Later in the month, Mr. Sivins had a phone conversation with a female police intern posing as Kaylee. He mentioned that he would be in her area on April 1, 2005 and would like to meet her. He stated that if they got together he would like to be "intimate." RP (Oct. 18, 2005) at 150.
¶ 6 On March 31, Mr. Sivins sent an e-mail to Kaylee suggesting they meet in a local motel room the next day. When Kaylee asked him how far he intended to go, he responded, "As far as you will let me go." RP (Oct. 18, 2005) at 127. When she asked if that meant "sex" or a "homerun" he replied, "If that is as far as you will let me go." RP (Oct. 18, 2005) at 128.
¶ 7 On April 1, Mr. Sivins checked into a motel room for two in Pullman. A police officer posing as Kaylee initiated a short phone call to Mr. Sivins to confirm that he was in town, and to get his room number. That evening, police arrested him as he left the room. Mr. Sivins was subsequently charged in Whitman County Superior Court with attempted second degree rape of a child and communicating with a minor for immoral purposes.
¶ 8 Before trial, Mr. Sivins successfully moved to suppress items found in the motel room based on a defect in the affidavit for the search warrant. However, the court inadvertently disclosed the suppressed items when it read the charges to the jury panel.
¶ 9 A jury found Mr. Sivins guilty of both charges. The court imposed a standard range sentence of 67.5 months.

ANALYSIS
Judicial Comment on the Evidence
¶ 10 We first address whether under article IV, section 16 of the Washington State Constitution, the trial court's disclosure of suppressed evidence to the jury venire constituted an impermissible judicial comment on the evidence. Article IV, section 16 of the Washington Constitution prohibits a judge from conveying to the jury his or her personal opinion about the evidence in a case or instructing a jury that "`matters of fact have been established as a matter of law.'" State v. Jackman, 156 Wash.2d 736, 743-44, 132 P.3d 136 (2006) (quoting State v. Becker, 132 Wash.2d 54, 64, 935 P.2d 1321 (1997)). The provision specifically provides that "Judges shall not charge juries with respect to matters *986 of fact, nor comment thereon, but shall declare the law." CONST. art. IV, § 16.
¶ 11 A court's statement constitutes a comment on the evidence "if the court's attitude toward the merits of the case or the court's evaluation relative to the disputed issue is inferable from the statement." State v. Lane, 125 Wash.2d 825, 838, 889 P.2d 929 (1995). It is sufficient if a judge's personal feelings about a case are merely implied. Jackman, 156 Wash.2d at 744, 132 P.3d 136. The purpose of article IV, section 16 is to prevent the jury from being unduly influenced by the court's opinion regarding the credibility, weight, or sufficiency of the evidence. State v. Eisner, 95 Wash.2d 458, 462, 626 P.2d 10 (1981) (quoting State v. Jacobsen, 78 Wash.2d 491, 495, 477 P.2d 1 (1970)).
¶ 12 In determining whether a trial judge's conduct or remarks amount to a comment on the evidence, reviewing courts evaluate the facts and circumstances of the case. Jacobsen, 78 Wash.2d at 495, 477 P.2d 1. Once it has been established that a trial judge's remarks constitute a comment on the evidence, the reviewing court presumes they were prejudicial. Jackman, 156 Wash.2d at 743, 132 P.3d 136. "[T]he burden is on the State to show that the defendant was not prejudiced, unless the record affirmatively shows that no prejudice could have resulted." Id. Because a judicial comment on the evidence is an error of constitutional magnitude, such claims may be raised for the first time on appeal. State v. Levy, 156 Wash.2d 709, 719-20, 132 P.3d 1076 (2006); RAP 2.5. Thus, Mr. Sivins' failure to raise the issue below does not preclude our review.
¶ 13 One circumstance reviewing courts consider when evaluating article IV, section 16 claims is whether the trial court's remarks were isolated or cumulative. Eisner, 95 Wash.2d at 462-63, 626 P.2d 10. In Eisner, our Supreme Court noted:
"A trial judge should not enter into the `fray of combat' nor assume the role of counsel. . . . An isolated instance of such conduct may be deemed harmless error, however, if it cannot be said to violate constitutional bounds of judicial comment. . . . In such instances, potential error may be cured by an instruction, if requested. . . . On the other hand, the cumulative effect of repeated interjections by the court may constitute reversible error."
Id. (first and third alteration in original) (citation omitted) (quoting Egede-Nissen v. Crystal Mountain, Inc., 93 Wash.2d 127, 141, 606 P.2d 1214 (1980)).
¶ 14 In Eisner, the court reversed a first degree rape of a child conviction because the trial court extensively intervened in the questioning of a child witness. 95 Wash.2d at 463-64, 626 P.2d 10. After the prosecutor declined the trial judge's invitation to ask leading questions of the five-year-old witness, the judge entered the fray, asking a lengthy series of leading questions. In reversing, the court noted that the evidence procured by the trial court's examination essentially proved the State's case. Id. at 463, 626 P.2d 10.
¶ 15 Article IV, section 16 violations have also been found when a trial judge remarks on a witness' credibility or gives a jury instruction that resolves a contested fact. See, e.g., Levy, 156 Wash.2d at 721, 132 P.3d 1076 (article IV, section 16 violation where the judge's instruction used the word "building," which improperly suggested to the jury that the apartment was a building as a matter of law); Lane, 125 Wash.2d at 839, 889 P.2d 929 (article IV, section 16 violation where trial judge communicated to the jury his opinion of a witness' testimony); Becker, 132 Wash.2d at 65, 935 P.2d 1321 (reversible error where a reference in a special verdict form expressly stated that a youth program was "a school," a highly contested and critical fact); Jackman, 156 Wash.2d at 744, 132 P.3d 136 (article IV, section 16 violation where the court's instructions referenced the victims' birth dates, a critical element of the crime).
¶ 16 None of these circumstances apply here. In this case, the court read directly from the information, disclosing that Mr. Sivins brought "condoms, lubricant, alcohol and other items" to the motel room. RP (Oct. 17, 2005) at 22. These items had been suppressed at a previous hearing.
*987 ¶ 17 This single disclosure cannot be construed as a judicial comment on the evidence under article IV, section 16. As just discussed, the constitutional prohibition applies only to those words or actions that convey the judge's opinion of the evidence. In this case, there was no danger the jury would attach undue importance to the trial court's words: the trial judge did nothing to convey his personal opinion of the facts or merits of the case during his inadvertent disclosure of the suppressed items. The court certainly did not enter into the "fray of combat" or assume the role of counsel. Eisner, 95 Wash.2d at 462-63, 626 P.2d 10. Moreover, the disclosure did not establish disputed facts, prove the State's case, or bear on the credibility of witnesses.
¶ 18 But even if we found an article IV, section 16 violation, there was no resulting prejudice. Judicial comments are presumed to be prejudicial. Lane, 125 Wash.2d at 838, 889 P.2d 929. "`[T]he burden rests on the state to show that no prejudice resulted to the defendant unless it affirmatively appears in the record that no prejudice could have resulted from the comment.'" Id. at 838-39, 889 P.2d 929 (quoting State v. Stephens, 7 Wash.App. 569, 573, 500 P.2d 1262 (1972), aff'd in part, rev'd in part, 83 Wash.2d 485, 519 P.2d 249 (1974)). In assessing prejudice, the test is whether there is "overwhelming untainted evidence" to support the conviction. Id. at 839, 889 P.2d 929.
¶ 19 The State notes that independent of the court's disclosure of the suppressed evidence, the record overwhelmingly establishes Mr. Sivins' guilt. This independent evidence shows that Mr. Sivins sent sexually graphic Internet messages to a fictitious 13-year-old girl, and told her that he would have sex with her, "If that is as far as you will let me go." RP (Oct. 18, 2005) at 128. Further, Mr. Sivins drove five hours to Pullman, and secured a room for two at a local motel. These facts amply support Mr. Sivins' intent to have sexual intercourse with a 13-year-old female.
¶ 20 Furthermore, any potential error was cured by the jury instructions. See Eisner, 95 Wash.2d at 463, 626 P.2d 10 (an isolated judicial comment may be cured by an instruction) (quoting Egede-Nissen, 93 Wash.2d at 141, 606 P.2d 1214). Here, the court instructed the jurors that the charges were simply accusations, not evidence, and they were only to rely on evidence produced in court during trial. The court also instructed the jury to disregard any inadvertent judicial comments on the evidence. Because jurors are presumed to follow the instruction of the court, it follows that they did not consider the suppressed items as evidence. State v. Stein, 144 Wash.2d 236, 247, 27 P.3d 184 (2001). Accordingly, we find the trial court's disclosure of the suppressed items harmless beyond a reasonable doubt. Lane, 125 Wash.2d at 840, 889 P.2d 929.
¶ 21 Next, citing State v. Smith, 189 Wash. 422, 65 P.2d 1075 (1937), Mr. Sivins contends the disclosure of the suppressed evidence violates ER 103(c), which forbids "inadmissible evidence from being suggested to the jury by any means." ER 103(c). However, Smith is factually distinguishable. In that case, a prosecutor deliberately disregarded a court's ruling regarding the scope of cross-examination. In reversing, the court held, "in view of the deliberate disregard by counsel of the court's ruling, prejudice must be presumed." Smith, 189 Wash. at 429, 65 P.2d 1075. In contrast, this case involved an unintentional judicial reference to suppressed evidence. And contrary to Mr. Sivins' claim, the Smith court did not discuss ER 103(c).
¶ 22 In any event, before a verdict will be overturned because a jury considered evidence not properly before it, the defendant must show that he has reasonable grounds to believe he has been prejudiced. State v. Carpenter, 52 Wash.App. 680, 685, 763 P.2d 455 (1988) (citing State v. Lemieux, 75 Wash.2d 89, 91, 448 P.2d 943 (1968)). Mr. Sivins fails to address how he was prejudiced by the court's disclosure. We have already concluded that he was not prejudiced by the disclosure.
Sufficiency of the Evidence
¶ 23 We next consider whether the evidence was sufficient to establish attempted second degree rape of a child. Mr. *988 Sivins contends the evidence did not establish that Kaylee was 13, or that he took a substantial step toward the rape of a child. In determining the sufficiency of the evidence, this court must view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Green, 94 Wash.2d 216, 221, 616 P.2d 628 (1980) (quoting Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). A defendant claiming insufficiency of the evidence "admits the truth of the State's evidence and all inferences that can reasonably be drawn therefrom." State v. Myers, 133 Wash.2d 26, 37, 941 P.2d 1102 (1997).
¶ 24 RCW 9A.44.076(1) sets forth the elements of rape of a child in the second degree: "A person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim."
¶ 25 In order to be found guilty of an attempt to commit a crime, the defendant must take a substantial step toward commission of that crime. RCW 9A.28.020(1). A substantial step is conduct "strongly corroborative of the actor's criminal purpose." State v. Aumick, 126 Wash.2d 422, 427, 894 P.2d 1325 (1995). Mere preparation to commit a crime is not a substantial step. State v. Workman, 90 Wash.2d 443, 449-50, 584 P.2d 382 (1978). And factual or legal impossibility is not a defense to a charge of criminal attempt. RCW 9A.28.020(2).
¶ 26 Mr. Sivins first argues that because the fictitious Kaylee told him she had a birthday on November 24, 2004, he believed she was 14 years old. However, the record contradicts this contention. Mr. Card testified that during the first Internet communication, Kaylee told Mr. Sivins she was 13. On March 1, 2005, Kaylee informed Mr. Sivins that she had a birthday on November 24, 2004. Upon realizing this birthday made her 14, Mr. Card had Kaylee inform Mr. Sivins that she initially lied about her age, and that she was only 12 when they first met. Mr. Sivins confirmed his understanding by responding, "age is just a number." RP (Oct. 18, 2005) at 114. In another Internet communication, Kaylee reiterated her age by asking Mr. Sivins whether he thought 13 was too young to have sex. Mr. Sivins replied that the right age varies for everyone.
¶ 27 While a trier of fact could have believed that Mr. Sivins mistakenly believed Kaylee was 14 at the time of the offense, this is not the standard of review. Viewing the evidence most favorably to the State, a reasonable jury could have found that Mr. Sivins understood that she was 13. This court does not weigh evidence, or draw reasonable inferences therefrom. State v. Hayes, 81 Wash. App. 425, 430, 914 P.2d 788 (1996). The jury was entitled to find that Mr. Sivins believed Kaylee was 13 at the time of the offense.
¶ 28 Next, Mr. Sivins argues that the evidence is insufficient to establish that he took a substantial step toward the commission of second degree rape. Pointing to a phone conversation in which he told Kaylee that sexual intercourse was contingent upon getting to know each other, he argues: "It may have been Mr. Sivins' intent to eventually reach that point in time; but that point in time had not arrived." Appellant's Br. at 14.
¶ 29 As discussed above, a substantial step is conduct "strongly corroborative" of criminal intent. Aumick, 126 Wash.2d at 427, 894 P.2d 1325. "Any slight act done in furtherance of a crime constitutes an attempt if it clearly shows the design of the individual to commit the crime." State v. Price, 103 Wash.App. 845, 852, 14 P.3d 841 (2000). "`[E]nticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission'" constitutes a substantial step. Workman, 90 Wash.2d at 451-52 n. 2, 584 P.2d 382 (quoting MODEL PENAL CODE § 5.01(2)(b) (Proposed Official Draft, 1962)).
*989 ¶ 30 Here, the record establishes that Mr. Sivins engaged in sexually graphic Internet communications with a police intern he believed to be a 13-year-old girl. He told her that he would have sex with her, if that was what she wanted. He enticed her with promises of vodka and pizza. These communications reveal his intent to engage in sexual intercourse with a 13-year-old girl. Additionally, Mr. Sivins drove five hours to Pullman, and then secured a motel room for two. These were substantial steps that strongly corroborate his intention to have sexual intercourse with Kaylee. See State v. Townsend, 147 Wash.2d 666, 679, 57 P.3d 255 (2002) (defendant's Internet messages to someone he thought was a 13-year-old girl named "Amber," urging her to meet with him to have sex were corroborative of his intent to have sexual intercourse with the victim, even though it was factually impossible for the crime to be completed).
¶ 31 A conviction will be reversed for insufficient evidence only if no rational trier of fact could find all of the elements proved beyond a reasonable doubt. State v. Hickman, 135 Wash.2d 97, 103, 954 P.2d 900 (1998). Here, a sufficient quantity of evidence existed to persuade a rational trier of fact of the truth of the allegations.

CONCLUSION
¶ 32 We conclude the trial court's disclosure of suppressed evidence did not convey to the jury, either directly or by implication, any suggestion as to the court's opinion or feelings as to the credibility, sufficiency, or weight of the evidence. We also conclude sufficient evidence supports the conviction. Accordingly, we affirm.
WE CONCUR: SWEENEY, C.J., and BROWN, J.