FILED
COURT OF APPEALS
DIVISION II

2015 APR 14 AM 9: 50

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Respondent,<br><br>　v.<br><br>SOL NATHANIEL GROVER,<br><br>　　　　　　　　Appellant. | No. 45319-3-II<br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Sol Grover appeals his jury conviction for assault in the third degree. He argues that the trial court commented on the evidence when it overruled Grover's objection during the prosecuting attorney's closing argument. Because the trial court merely explained the reason for its ruling and did not convey its attitude towards the merits of the case, it did not comment on the evidence. We affirm.

## FACTS

Grover became highly intoxicated after an evening of drinking alcohol. He waited for a bus at an Olympia Intercity Transit bus stop. Grover had a black plastic bag with him that was leaking liquid. The bus driver did not let Grover on the bus and alerted his immediate supervisor, John Lucas, that he refused service to a rider. Lucas drove to the bus stop to follow up and "assess the situation." I Report of Proceedings (RP) at 58.

Lucas advised Grover that he could not board the next bus and that he needed to leave transit property. Grover acted in a condescending manner towards Lucas and told him that Lucas had no authority to make Grover leave the bus stop. Lucas called dispatch and asked for law

enforcement assistance. As Lucas made the phone call, Grover stood up and punched Lucas in the face, causing him to move a few steps to the right. Lucas sustained a bloody mouth and a swollen lip.

On the dispatch call recording, Lucas can be heard requesting assistance and exclaiming, "He just assaulted me. He just punched me. Whoa." I RP at 72. In the recording, a voice says "That's assault." I RP at 72; II RP at 184. Lucas testified that he was the one that told Grover to get away from him and that it was assault.

Grover claimed self-defense and told the jury that Lucas intimidated him and he felt afraid. Grover testified that Lucas shoved him and pushed him down. Grover admitted to being intoxicated at the time of the incident and said he unintentionally struck Lucas while defending himself. Grover also said that he, not Lucas, said, "Get off me. That's assault." II RP at 183.

During closing argument, the State focused on the credibility of Lucas and Grover. The State reminded the jury that it is the sole determiner of credibility, and that it needed to decide which of the two versions of the incident the jury found credible: Lucas's version which presents an assault, or Grover's version which presents self-defense. Grover objected that the State's argument shifted the burden. The trial court overruled the objection, but invited Grover to renew his objection if he deemed it appropriate. The State continued with closing argument and Grover objected:

> [The State]: Credibility. The problem with the defendant's version is that in terms of the physical evidence that you have here, it just doesn't work, and could that be more obvious? He—I mean, put simply, he has absolutely no explanation for the injury, none.

[Grover]: Your Honor, I'm going to renew the objection. It's not up to my client to explain the injury.

[The State]: It's a credibility issue, Your Honor, with regard to the defendant's version of events.

The Court: I think the prosecutor is allowed to proceed with his argument in helping the jury determine credibility, which is the issue here.

II RP at 278-79. Grover did not object to the trial court's statement.

The jury found Grover guilty of assault in the third degree. Grover appeals.

## ANALYSIS

### I.    STANDARD OF REVIEW

Article IV, section 16 of the Washington constitution prohibits judges from commenting on evidence. *State v. Elmore*, 139 Wn.2d 250, 275, 985 P.2d 289 (1999). We review constitutional questions de novo. *State v. Cubias*, 155 Wn.2d 549, 552, 120 P.3d 929 (2005). A trial judge is prohibited from making even implied comments on the evidence in order "to prevent the jury from being unduly influenced by the court's opinion regarding the credibility, weight, or sufficiency of the evidence." *State v. Sivins*, 138 Wn. App. 52, 58, 155 P.3d 982 (2007).

A trial court's conduct violates the constitution only if its attitude is "'reasonably inferable from the nature or manner of the court's statements.'" *Elmore*, 139 Wn.2d at 276 (quoting *State v. Carothers*, 84 Wn.2d 256, 267, 525 P.2d 73 (1974)); *see also State v. Ciskie*, 110 Wn.2d 263, 283, 751 P.2d 1165 (1988) ("An impermissible comment on the evidence is an indication to the jury of the judge's personal attitudes toward the merits of the cause."). "A court does not comment on the evidence simply by giving its reasons for a ruling." *In re Det. of Pouncy*, 144 Wn. App. 609, 622, 184 P.2d 651 (2008), *aff'd*, 169 Wn.2d 382, 229 P.3d 678 (2010).

## II.    THE TRIAL COURT DID NOT COMMENT ON THE EVIDENCE

Grover argues that the trial court's statement that credibility is "the issue" constitutes an unconstitutional comment on the evidence because the trial court "invited the jury to solve the case," instead of determining if the State had proved the charge beyond a reasonable doubt.[1] Br. of Appellant at 7.  We disagree.

Taken in context, the statement was not an impermissible comment on the evidence. Throughout the trial, the State argued that Grover's credibility was in question because of the inconsistency between his version of what transpired and the physical evidence, and because of his intoxication.  In ruling on the objection, there is nothing in the trial court's statement that can be construed or interpreted as conveying the trial court's attitude toward the merits of the case. Instead, the trial court simply ruled based on why the State could argue its theory of the case. The trial court's statement neither expressed its attitude toward the merits of the case nor provided an opinion regarding who was credible.  Therefore, the trial court simply provided a reason for its ruling.  We hold that the trial court did not comment on the evidence.

---

[1] RAP 2.5(a) permits a party to raise for the first time on appeal a "manifest error affecting a constitutional right."  "We retain discretion under RAP 2.5(a) to consider an issue raised for the first time on appeal." *State v. Kindell*, 181 Wn. App. 844, 849, 326 P.3d 876 (2014).  Even though the Grover did not object to the trial judge's ruling, which he now claims constitutes a comment on the evidence, we will review it.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, P.J.

Lee, J.