IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34705-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND RICHARD RAAB, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Raymond Raab challenges his convictions for two counts of intimidating a public servant and two counts of obstructing a law enforcement officer, primarily arguing that the jury instructions commented on the evidence. We disagree and affirm.

FACTS

Mr. Raab, age 74 at the time of this incident, lives on property he owns in rural Okanogan County northeast of Tonasket. On October 22, 2015, firefighters spotted a small unattended fire in a rural area during a burn ban. Two two-man firefighting crews arrived at the scene to put out the fire. They were met by Mr. Raab, apparently intoxicated, who opposed their efforts to fight the fire.

Engine leaders Enrique Ortega and Cody Epps attempted to negotiate with Mr. Raab, telling him they would not issue a citation if he only let them put out the fire. The leaders were accompanied by crew members Carlos Moreno and Mick Fulmer. Mr. Raab threatened to get a rifle and shoot the crews. The firefighters left the property and called for assistance from the Okanagan County Sheriff.

By the time a deputy sheriff had arrived, Mr. Raab had put out the fire with a garden hose. Mr. Raab was arrested and eventually charged with four counts of intimidating a public servant and four counts of obstructing a law enforcement officer. Each firefighter was identified as the victim of one count for each offense.

The matter proceeded to jury trial. The court dismissed the obstruction charges involving the two crew members at the conclusion of the State's case. For each of the six remaining charges, the first element of the "to convict" instruction included a parenthetical identifying the firefighter involved in that charge. In each instance, the first element of the intimidating charge states (in part): "attempted to influence a public servant's opinion, decision or other official action as a public servant ([name of specific victim])." Clerk's Papers (CP) at 25-28. Similarly, the first element of the obstructing a law enforcement officer charges stated that the State needed to prove the defendant "willfully hindered, delayed, or obstructed a law enforcement officer ([name of firefighter]) in the discharge of the law enforcement officer's official powers or duties." CP at 30-31.

Mr. Raab denied threating to shoot the firefighters. The defense argued the case to the jury on the theory that his actions did not amount to intimidation because he never sought to retrieve his gun. He also argued there was no obstruction because his fire was lawfully set and that the crew's fire-fighting obligations did not extend to his fire. The jury acquitted on the intimidation charges involving the two crew members, but convicted on all four charges relating to the two crew leaders.

The court discussed with Mr. Raab at sentencing his ability to pay legal financial obligations (LFOs). Mr. Raab's sole income was his social security retirement, but he owned 110 acres of land valued at $60,000. When asked if he could pay a minimum of $50 per month, he agreed that he could. The court imposed LFOs of $1260.50; $800.00 of that figure consisted of mandatory assessments.

Mr. Raab timely appealed to this court. A panel considered the matter without argument.

## ANALYSIS

This appeal argues that the court commented on the evidence in each of the six elements instructions by including the names of each firefighter in parentheses. Mr. Raab also argues that the court erred in finding he was able to pay his LFOs and requests that we waive appellate costs. We address first the instructional issue, followed by joint consideration of the financial matters.

3

No. 34705-2-III
*State v. Raab*

*Instructions*

Mr. Raab argues that the parenthetical reference to each firefighter's name constituted a judicial comment on the evidence. We disagree, but further note that any error also would be harmless under these facts.

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." WASH. CONST. art. IV, § 16. This provision "prohibits a judge from conveying to the jury his or her personal attitudes toward the merits of the case." *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997). The purpose of this provision "is to prevent the jury from being unduly influenced by the court's opinion regarding the credibility, weight, or sufficiency of the evidence." *State v. Sivins*, 138 Wn. App. 52, 58, 155 P.3d 982 (2007) (citing *State v. Eisner*, 95 Wn.2d 458, 462, 626 P.2d 10 (1981)). "A statement by the court constitutes a comment on the evidence if the court's attitude toward the merits of the case or the court's evaluation relative to the disputed issue is inferable from the statement." *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995). Thus, a jury instruction which removes a factual matter from the jury constitutes a comment on the evidence in violation of this section. *Becker*, 132 Wn.2d at 64-65. In determining whether a statement by the court amounts to a comment on the evidence, a reviewing court looks to the facts and circumstances of the case. *State v. Jacobsen*, 78 Wn.2d 491, 495, 477 P.2d 1 (1970).

4

Mr. Raab bases his argument primarily on *State v. Jackman*, 156 Wn.2d 736, 132

P.3d 136 (2006). There the defendant was charged with three counts of sexual

exploitation of a minor involving three different victims. *Id.* at 740-741. The second

element for each count (with different initials and dates of birth for each count), required

the State to establish "that B.L.E., DOB 04/21/1985, was a minor." *Id.* at n.3. The court

unanimously agreed that instructing the jury on the victim's birthdate was a comment on

the evidence since the youth of the victim was one of the elements the State needed to

prove in order to establish the case. *Id.* at 744. Presenting the birthdates to the jury as a

statement of fact conveyed the impression that the judge believed the dates had been

proven. *Id.*

A similar problem was presented in *Becker*. There, a special verdict form asked

the jury if the crime had been committed within 1,000 feet of a school, "to-wit: Youth

Employment Education Program School." 132 Wn.2d at 64. The parties had contested at

trial whether the Youth Employment Education Program constituted a school or not. *Id.*

at 63. Because the form stated that the program was a school, the special verdict

constituted a comment on the evidence. *Id.* at 65.

Mr. Raab equates the parentheticals used in his case with the jury instructions used

in *Jackman* and *Becker*. For two reasons, his equation fails. First, in both of the earlier

decisions, the plain language of the elements instructions stated as fact one of the elements the State needed to prove. Here, the parenthetical notations of the names of the firefighter involved in each count did not address an element of the crime. The State was under no obligation to prove the name of each public servant it contended was intimidated or obstructed by Mr. Raab, so the inclusion of the name could not logically have constituted a comment on an element of the offense.[1] The names in the parentheticals were a modifying phrase; they were not elements of the offense.

There is a second reason, however, that Mr. Raab's argument is fundamentally flawed. He wrongly views the parenthetical name reference as somehow *proving* the status of public servant. For instance, in the intimidation of a public servant context, Mr. Raab treats the public servant element as if it was proven by the mere identification of a firefighter's name. It was not. The parenthetical refers to the phrase it is modifying, not the other way around. If for example, the instruction had read: "Enrique Ortega, a public servant," Mr. Raab would have an argument that it constituted a comment on the evidence by indicating that Mr. Ortega *was* a public servant. Here, that was not the case. Even if the inclusion of the name in the parenthetical amounted to a judicial comment, it would be

---

[1] We also question, but do not decide, whether the inclusion of the name in a parenthetical notation was otherwise the equivalent of a "to wit" designation such as that used in *Becker*.

only a comment about what the firefighter's name actually was. It would not prove the

specific named firefighter was a public servant—the fact that the State needed to prove.[2]

For both reasons, there was no error. But, even if there had been an error, it was

harmless.

An improper judicial comment is presumed to be prejudicial. *State v. Levy*, 156

Wn.2d 709, 723-725, 132 P.3d 1076 (2006); *State v. Bogner*, 62 Wn.2d 247, 382 P.2d

254 (1963). However, such an error is harmless where the record contains overwhelming

untainted evidence to support the conviction. *Lane*, 125 Wn.2d at 839-840; *Sivins*, 138

Wn. App. at 60-61. Under this standard, the appellate court looks to the untainted

evidence to determine if it is so overwhelming that it necessarily leads to a finding of

guilt. *State v. Guloy*, 104 Wn.2d 412, 426, 705 P.2d 1182 (1985).

That standard is satisfied here. The names of the individual firefighters were not a

contested issue in the case. More critically, the fact that the firefighters were public

servants likewise was not in issue, and the fact that firefighters were law enforcement

officers was a correct statement of law. As noted earlier, Mr. Raab denied making the

threat that the firefighters claimed he made and also asserted that his failure to seek out

---

[2] Mr. Raab's argument is even weaker in the context of the obstructing a law enforcement officer charge. There, the jury was told by instruction 19 that firefighters were law enforcement officers. CP at 38. Thus, even if the name of the firefighter was equivalent to identifying him as a law enforcement officer, it constituted a correct statement of law instead of a comment on the facts of the case.

his weapon meant he had not threatened them. The fact that firefighters were public servants and/or law enforcement officers simply was not at issue in this case. If the court commented on the evidence by noting the identity of the firefighters, the error was harmless in light of the uncontested nature of the elements, which were amply supported in fact.

Mr. Raab has not established the existence of prejudicial error. The convictions are affirmed.

*Cost Issues*

Lastly, Mr. Raab argues that the trial court erred in imposing discretionary LFOs and that this court should waive costs on appeal.[3] We defer the appellate cost issue to our commissioner in the event that the State claims costs. RAP 14.2. Therefore, we briefly turn to the LFO issue.

The trial court assessed $460.50 worth of discretionary LFOs. Mr. Raab agreed with the trial judge that he was able to pay $50 per month. In light of that agreement, it is difficult to understand how the trial judge may have erred or how Mr. Raab can now say that the court erred in accepting his agreement. On these facts, we see no error.

---

[3] Mr. Raab also filed a statement of additional grounds that raises two contentions. The first involves matters outside the record of this case and cannot further be considered. The second involves Mr. Raab's interruption of the testimony of Mr. Epps and somehow equates his outburst with suppression of testimony. Since the outburst from counsel table is not evidence, we fail to understand how any evidence was suppressed. The claim is without merit.

8

Nonetheless, Mr. Raab still has the ability to file a motion for remission of the discretionary costs. RCW 10.01.160(4). He can explain any change of circumstances that justifies remitting those costs or otherwise indicate how he erred in agreeing that he could pay the $50 per month.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.