IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34416-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EUGENE LESTER STANDFILL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — A jury found Eugene Standfill guilty of five different felony

charges involving the sexual abuse of a minor, K.S. His appeal challenges a jury

instruction, the length and various conditions of community supervision, and the

effectiveness of his trial attorney in not arguing that two offenses constituted the same

criminal conduct. We affirm the convictions and remand for the trial court to amend and

strike some portions of the judgment and sentence.

FACTS

One charge for the jury's consideration was a count of possession of depictions of

a minor engaged in sexually explicit conduct in the first degree, alleged to have occurred

between August 20, 2011 and November 14, 2014. Among the evidence introduced at

trial were 16 pictures of K.S. partially or completely nude, and one picture of K.S. masturbating. The photos were taken over a ten year period beginning when the child was four.

In support of the depictions charge, the State proposed a variation on *11 Washington Practice: Washington Pattern Jury Instructions: Criminal* 49A.03.02, at 1023 (4th ed. 2016). Element two of the proposed instruction stated: "(2) The visual or printed matter depicts the minor masturbating her vagina." The court gave the instruction to the jury as Instruction 25. Clerk's Papers (CP) at 295.

Mr. Standfill was 86 at sentencing. His offender score was calculated at 12 on each of the five charges, with each of the four other offenses adding three points to the total. CP at 340. His attorney pointed out that the court had no discretion and that Mr. Standfill would be 100 upon completion of the minimum term. He stated that his client had nothing to tell the court. The court then imposed a life sentence, with a minimum term of 210 months on count 1, and lesser determinate amounts on the other four counts. All counts were to be served concurrently. The court imposed a community supervision term of life on count 1, and concurrent supervision terms of 36 months on the other four counts.

Mr. Standfill appealed to this court. A panel considered the case without hearing argument.

No. 34416-9-III
*State v. Standfill*

ANALYSIS

The sole trial challenge concerns the use of Instruction 25. Mr. Standfill also challenges the effectiveness of his counsel at sentencing and takes issues with the term of supervision on some counts and conditions of supervision. We address those four categories of challenges in the order listed.

*Jury Instruction 25*

Mr. Standfill argues that Instruction 25 constituted a comment on the evidence. The election of the depiction that the State was relying on to prove count 4 was not a judicial comment on the evidence.

Article IV, § 16 of the Washington Constitution prohibits judges from commenting on the evidence. It states:

> Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law.

This provision "prohibits a judge from conveying to the jury his or her personal attitudes toward the merits of the case." *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997). Its purpose "is to prevent the jury from being unduly influenced by the court's opinion regarding the credibility, weight, or sufficiency of the evidence." *State v. Sivins*, 138 Wn. App. 52, 58, 155 P.3d 982 (2007) (citing *State v. Eisner*, 95 Wn.2d 458, 462, 626 P.2d 10 (1981)). "A statement by the court constitutes a comment on the evidence if the court's attitude toward the merits of the case or the court's evaluation

3

relative to the disputed issue is inferable from the statement." *State v. Lane*, 125 Wn.2d

825, 838, 889 P.2d 929 (1995). Thus, a jury instruction which removes a factual matter

from the jury constitutes a comment on the evidence in violation of this section. *Becker*,

132 Wn.2d at 64-65. In determining whether a statement by the court amounts to a

comment on the evidence, a reviewing court looks to the facts and circumstances of the

case. *State v. Jacobsen*, 78 Wn.2d 491, 495, 477 P.2d 1 (1970). An improper judicial

comment is presumed to be prejudicial. *State v. Levy*, 156 Wn.2d 709, 723-725, 132 P.3d

1076 (2006); *State v. Bogner*, 62 Wn.2d 247, 382 P.2d 254 (1963).[1]

The defendant's right to a unanimous verdict also is at issue. Whenever there is

evidence establishing more different criminal actions were proven than were alleged, the

constitution requires that the jury either be instructed on the need to agree on the specific

act proven or the State must elect the specific act it is relying on in order to ensure that a

unanimous verdict was returned. This type of error requires a new trial unless shown to

be harmless beyond a reasonable doubt. *State v. Camarillo*, 115 Wn.2d 60, 64, 794 P.2d

850 (1990); *State v. Kitchen*, 110 Wn.2d 403, 405-406, 414, 756 P.2d 105 (1988).

---

[1] A comment on the evidence is harmless error where the record contains over-whelming untainted evidence to support the conviction. *Lane*, 125 Wn.2d at 839-840; *Sivins*, 138 Wn. App. at 60-61.

This court reviews allegations of instructional error de novo. *State v. Brett*, 126 Wn.2d 136, 171, 892 P.2d 29 (1995). Trial courts have an obligation to provide instructions that correctly state the law, are not misleading, and allow the parties to argue their respective theories of the case. *State v. Dana*, 73 Wn.2d 533, 536-537, 439 P.2d 403 (1968).

With these principles in mind, we conclude that Instruction 25 was not a judicial comment on the evidence. The instruction directed the jury that it must find, as one of the elements of the offense, that the State had proven beyond a reasonable doubt that the "visual or printed matter depicts the minor masturbating her vagina." It did not state that any of the photos contained such an image, nor did the element interpret conflicting evidence. In situations where an instruction has commented on the evidence, it typically occurred because the instruction stated as fact something that was a contested issue of fact. For instance, in *Becker* the State was required to establish that an offense occurred near a school. 132 Wn.2d at 64. The jury instruction stated that the crime occurred near the "Youth Education Program School." *Id*. The contested issue at trial had been whether or not the Youth Education Program was in fact a school. *Id*. at 63. The court concluded that the language of the instruction told the jury that the program was a school, leaving the jury only the question of whether the offense occurred near the school. *Id*. at 63-64. This constituted a comment on the evidence. *Id*. at 64-65.

Unlike *Becker*, the challenged language of Instruction 25 did not establish any fact. It simply identified the type of evidence the State needed in order to establish the crime. It was for the jury to determine whether the photo did show an underage K.S. masturbating and whether Mr. Standfill possessed the depiction. None of those issues was resolved as a matter of fact by the jury instruction. It did not constitute a comment on the evidence.

The instruction also served to preserve Mr. Standfill's right to a unanimous verdict on the depictions count. There were 17 photos of K.S. that were put before the jury. Clarifying the photo the State was using guaranteed that no issue arose concerning whether all jurors agreed on the same photo to support the conviction.

This assignment of error is without merit.

*Assistance of Counsel*

Mr. Standfill also argues that his attorney did not adequately represent him at sentencing when he failed to argue that the possession of depictions conviction constituted the same criminal conduct as the sexual exploitation of a minor charge. He cannot establish that he was prejudiced by this alleged failure.

Under the Sentencing Reform Act of 1981, ch. 9.94A RCW, a felon will be sentenced within a specified sentence range dependent on the seriousness of the offense and the offender's prior criminal history, unless aggravating or mitigating circumstances exist. RCW 9.94A.505(2)(x), .530(1), .535; s*ee generally State v. Jones*, 159 Wn.2d 231,

236-237, 149 P.3d 636 (2006); *State v. Nordby*, 106 Wn.2d 514, 516, 723 P.2d 1117 (1986). The offender score is calculated by counting the prior and current felony convictions in accordance with the rules for each offense. RCW 9.94A.525. Current felony offenses are treated as if they were prior offenses when scoring the other crimes being sentenced. RCW 9.94A.525(1); RCW 9.94A.589(1)(a).

The legislature capped the offender score side of the sentencing grid at "9 or more." RCW 9.94A.510. In calculating the offender score, the trial court has discretion to count multiple offenses that encompass the same criminal conduct as one. RCW 9.94A.525(5)(a)(i); RCW 9.94A.589(1)(a). Crimes encompass the "same criminal conduct" if they occur at the same time and place, involve the same victim, and have the same criminal intent. RCW 9.94A.589(1)(a). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

An attorney must perform to the standards of the profession; failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions and there is a strong presumption that counsel was effective. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate

counsel's performance using a two-prong test that requires courts to determine whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

The defendant bore the responsibility of asking the court to exercise its discretion to consider whether either set of crimes should be counted as a single offense. *State v. Graciano*, 176 Wn.2d 531, 536-541, 295 P.3d 219 (2013). His failure to do so waived the issue. *Id*. at 541. It is because of that waiver that he argues his trial counsel failed him at sentencing.

Even assuming that it was error to not raise the matter, the record does not establish prejudice for two reasons. First, in order to prevail, the record would need to show that the court likely would have granted the request. *See McFarland*, 127 Wn.2d at 333-334 (any error in failing to request suppression hearing was not manifest because defendants could not show that trial court would have granted the motion). This record does not establish that the two offenses were necessarily the same, nor is there reason to think that the court would have treated them as such if the issue had been raised. Thus, the ineffective assistance allegation is not manifest error in this context. *Id*.; RAP 2.5(a).

8

Second, the alleged error had no effect on Mr. Standfill's sentence. Even if the two offenses should have been treated as one, the offender score on each crime would only have been reduced from 12 to 9. Since the legislature has capped offender scores at "9 or more," the ranges for these offenses did not change once the offender score reached 9.[2] The alleged error was not prejudicial.

Mr. Standfill has failed to establish that he was prejudiced by his trial counsel's alleged failure. He therefore has not met his burden of establishing ineffective assistance.

*Term of Supervision*

Mr. Standfill also argues that the trial court erred by imposing terms of supervision that exceed the maximum punishment for some of his offenses. The State concedes this argument in part. We agree with the concession and direct that the term of supervision be stricken for counts 2 and 3.

The combined sentence of incarceration and term of community supervision cannot exceed the statutory maximum sentence for the offense. Since 2009, the trial judge has been directed to reduce the term of supervision when the combined total exceeds the maximum. *State v. Winborne*, 167 Wn. App. 320, 329, 273 P.3d 454 (2012).

---

[2] We also are aware of no authority that requires a precise number when the offender score falls into the "9 or more" category.

As to count 4, the court also imposed a 36 month term of supervision on top of a 102 month sentence for an offense carrying a maximum term of 120 months. CP at 343-344. Mr. Standfill argues this is error, while the State contends that there was no error because the judgment and sentence expressly tells the Department of Corrections that the combined sentence of incarceration and supervision may not exceed the maximum term for the crime. CP at 344. However, the notation arguably only serves to render the error harmless.[3] By the terms of RCW 9.94A.701(9), the court should have imposed a term of supervision totaling 18 months.

Because we remand for further proceedings in the final section of this opinion, the court should take the opportunity to amend the term of supervision on count 4 to 18 months.

*Conditions of Supervision*

Mr. Standfill also argues that some of the terms of community supervision imposed in Appendix F to the judgment and sentence are invalid. We agree in part with his arguments and remand for further proceedings to correct the judgment and sentence.

Generally, this court will review the terms of community supervision for abuse of the trial court's discretion. Any condition that is beyond the trial court's authority to impose constitutes an abuse of discretion. *State v. Valencia*, 169 Wn.2d 782, 791-792,

---

[3] Since count 1 imposed a lifetime supervision on Mr. Standfill, any error on the length of supervision for the other three counts is harmless for that reason.

239 P.3d 1059 (2010). Other than legislatively specified conditions, the court has authority to impose conditions related to the crimes for which the defendant was convicted. *State v. Riley*, 121 Wn.2d 22, 36-37, 846 P.2d 1365 (1993).

The State concedes that the conditions that prohibit Mr. Standfill from using computers or electronic devices that are capable of accessing the internet without authorization of his community corrections officer are not crime-related. We accept that concession and direct that the trial court strike those conditions on remand.

Mr. Standfill also argues that the condition requiring him to avoid places where children congregate is vague. CP at 349 (condition 9). We recently addressed an identical provision in *State v. Johnson*, No. 34928-4-III, slip op. at 8 (Wash. Ct. App. July 17, 2018), http://www.courts.wa.gov/opinions/pdf/349284.pdf. Mr. Standfill presents the same vagueness challenge to the condition as did the appellant in *Johnson*. As there, we conclude that the condition is not vague. *Id*. at 8-9.

However, *Johnson* also concluded that the term "children" needed defining. This court concluded that the condition needed to be amended to identify "children" as children under age 16. *Id*. at 9-10. We directed the trial court to amend the condition by directing that it read "places where children <u>under 16</u> congregate." *Id*. Consistently, we also remand Mr. Standfill's case for the same amendment.

11

The convictions are affirmed. We remand for further proceedings to amend the judgment and sentence in accordance with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Siddoway, J.