# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

JEFFREY ALAN ROBERTS,

Appellant.

DIVISION ONE

No. 87078-5-I

UNPUBLISHED OPINION

PER CURIAM — Jeffrey Roberts appeals from the judgment entered on resentencing following his convictions of unlawful imprisonment, kidnapping in the first degree, attempted rape in the first degree, felony harassment, stalking, violation of a no-contact order, burglary in the first degree, and assault in the fourth degree. In the sole issue briefed by counsel on appeal, Roberts asserts that the superior court erred by not orally admonishing him of his loss of his right to possess a firearm at his resentencing.[1] The State concedes error in this regard. We accept the State's concession. Roberts also submitted a pro se statement of additional grounds for our consideration.[2] None of the arguments presented therein warrant appellate relief. Accordingly, we affirm in part, reverse in part, and remand this matter to the trial court in order for it to orally admonish Roberts of his loss of his right to possess a firearm.

---

[1] RCW 9.41.047(1)(a).
[2] RAP 10.10.

I

We previously set forth the background facts of this case in State v. Roberts, No. 56435-1-II, slip op. at 3-7 (Wash. Ct. App. Feb. 22, 2023) (unpublished), http://www.courts.wa.gov/opinions/pdf/564351.pdf. The facts pertinent to our consideration of this matter are set forth below.

Following a jury trial, Roberts was convicted of all nine offenses charged upon fourth amended information: unlawful imprisonment, kidnapping in the first degree, attempted rape in the first degree, felony harassment, stalking, violation of a no-contact order, burglary in the first degree, assault in the fourth degree, and assault in the second degree. The trial court then dismissed the unlawful imprisonment conviction due to insufficient evidence.

Roberts appealed the judgment and sentence entered on his remaining convictions. The State appealed the trial court's dismissal of the unlawful imprisonment conviction. Roberts' briefing in that appeal contended that three of his convictions, including his conviction of assault in the second degree, deprived him of the right against double jeopardy. Roberts also submitted a pro se statement of additional grounds for review (SAG) in which he asserted several additional grounds for relief. We vacated the conviction of assault in the second degree, reinstated his conviction of unlawful imprisonment, and concluded that none of the arguments set forth in his SAG entitled him to appellate relief.

A petition for review was filed and, in July 2023, denied. State v Roberts, No. 101839-8 (July 12, 2023) (ruling denying motion for review).

2

On remand in November 2023, the trial court dismissed Roberts' second degree assault conviction, reinstated his unlawful imprisonment conviction, and resentenced him.

Roberts again appeals.

II

The sole basis for review presented in Roberts' current appellate briefing is that the superior court erred by not orally admonishing him of his loss of his right to possess a firearm at his resentencing hearing as required by RCW 9.41.047(1)(a).[3]  The State concedes error in this regard.  We accept the State's concession.

III

Roberts, in his individual capacity, also submitted a SAG presenting several arguments that he contends entitle him to appellate relief.  We disagree.

A

Roberts first contends that in his first appeal to this court, we erred by ordering the trial court to reinstate his unlawful imprisonment conviction.  This assertion fails to establish an entitlement to appellate relief.

"[T]he law of the case doctrine stands for the proposition that once there is an appellate holding enunciating a principle of law, that holding will be followed in

---

[3] RCW 9.41.047(1)(a) provides, in pertinent part:

At the time a person is convicted . . . of an offense making the person ineligible to possess a firearm under state or federal law, . . . the court shall notify the person, orally and in writing, that the person must immediately surrender all firearms to their local law enforcement agency and any concealed pistol license and that the person may not possess a firearm unless the person's right to do so is restored by the superior court that issued the order.

subsequent stages of the same litigation." Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005) (citing Lutheran Day Care v. Snohomish County, 119 Wn.2d 91, 113, 829 P.2d 746 (1992) (citing 15 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: JUDGMENTS § 380, at 55-56 (4th ed.1986))); see also RAP 2.5(c)(2).

In Roberts' first appeal, we ruled that his unlawful imprisonment conviction must be reinstated. Roberts, No. 56435-1-II, slip op. at 21. A petition for review was filed with our Supreme Court, which was denied. Roberts, No. 101839-8 (denying review). Therefore, our ruling reinstating that conviction became the law of the case in this matter. We thus do not consider Roberts' present challenge to that ruling.

B

Roberts next avers that insufficient evidence was adduced at his trial to support his conviction of attempted rape in the first degree. For several reasons, Roberts does not establish an entitlement to appellate relief on this claim.

1

Initially, the law of the case doctrine precludes our consideration of this alleged basis for relief: " 'It is also the rule that questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause.' " State v. Worl, 129 Wn.2d 416, 425, 918 P.2d 905 (1996) (internal quotation marks omitted) (quoting

<u>Folsom v. Spokane County</u>, 111 Wn.2d 256, 263-64, 759 P.2d 1196 (1988));

<u>accord</u> RAP 2.5(c); <u>Green v. Rothschild</u>, 68 Wn.2d 1, 3-4, 414 P.2d 1013 (1966).

 Roberts did not raise this issue in his first appeal, either in his briefing or in the arguments he presented in his initial SAG. It is undisputed that there has been no change in the evidence concerning his conviction of attempted rape in the first degree. Therefore, the law of the case doctrine bars our consideration of his claim.

2

 Furthermore, even if were to consider Roberts' evidentiary insufficiency claim, he does not establish an entitlement to appellate relief.

 Sufficient evidence supports a conviction when, after reviewing evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). To affirm a conviction, we do not decide whether the accused was guilty beyond a reasonable doubt but rather whether substantial evidence supports the conviction. <u>State v. Fiser</u>, 99 Wn. App. 714, 718, 995 P.2d 107 (2000). We defer to the fact finder on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. <u>State v. Rodriguez</u>, 187 Wn. App. 922, 930, 352 P.3d 200 (2015).

i

Roberts asserts that sufficient evidence was not presented at his trial to support his conviction for attempted first degree rape.  Roberts is wrong.

"A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime."  RCW 9A.28.020(1).

> [A] substantial step is conduct "strongly corroborative" of criminal intent.  [State v. ]Aumick, 126 Wn.2d [422,] 427[, 894 P.2d 1325 (1995)].  "Any slight act done in furtherance of a crime constitutes an attempt if it clearly shows the design of the individual to commit the crime." State v. Price, 103 Wn. App. 845, 852, 14 P.3d 841 (2000).  " '[E]nticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission' " constitutes a substantial step.  [State v. ]Workman, 90 Wn.2d [443,] 451-52 n.2[, 584 P.2d 382 (1978)] (quoting MODEL PENAL CODE § 5.01(2)(b) (Proposed Official Draft, 1962)).

State v. Sivins, 138 Wn. App. 52, 64, 155 P.3d 982 (2007).  "A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person by forcible compulsion where the perpetrator or an accessory . . . [k]idnaps the victim."  Former RCW 9A.44.040(1)(b) (1998).

At trial, the State presented testimony supporting that in the early morning of August 8, 2020, Roberts appeared at the victim's house, prevented the victim from entering her house, refused the victim's request that he leave her house, demanded that the victim drive to his house, prevented the victim from leaving the vicinity of his house despite her urging him to allow her to leave, commanded her to enter his house, prevented her from leaving his bedroom despite her again urging him to allow to her leave, and "began to pull [the victims]'s pants down

6

and got them halfway down" before the police arrived. Roberts, No. 56435-1-II, slip op. at 4-5.

The State presented sufficient evidence at trial supporting that Roberts took a substantial step toward the commission of rape in the first degree. The evidence reflects that Roberts forced the victim to leave her house, commanded her to go to his house, and began to remove her clothing once she was in his bedroom despite her repeatedly begging him to let her leave. This supports that Roberts engaged in, at a minimum, a slight act done in furtherance of committing rape in the first degree that clearly showed his intent to commit such a crime. Sivins, 138 Wn. App. at 64 (quoting Price, 103 Wn. App. at 852; Workman, 90 Wn.2d at 451-52 n.2). Therefore, Roberts' claim fails.

ii

Roberts also challenges his attempted rape conviction on the basis that insufficient evidence was presented at trial to support a jury finding that the victim had not consented to having sexual intercourse with him. This claim fails as well.

Again, we defer to the jury in matters of witness credibility. Rodriguez, 187 Wn. App. at 930. Here, at trial, the victim's testimony reflected that she did not consent to having sexual intercourse with Roberts on the night in question. Roberts, No. 56435-1-II, slip op. at 4-5. Based on the jury verdict in this matter, the jury found the victim's testimony credible. We defer to the jury as to the credibility of the victim's testimony. Thus, sufficient evidence was presented at trial to establish that the victim did not consent to sexual intercourse with Roberts.

7

Accordingly, Roberts' evidentiary insufficiency challenges to his conviction of attempted rape in the first degree fail.

C

Roberts next presents two challenges concerning his conviction of burglary in the first degree. Both fail to establish an entitlement to relief.

1

The first such ground presented by Roberts is that insufficient evidence was presented at his trial to support his conviction of burglary in the first degree.

As with Roberts' evidentiary sufficiency claims discussed above, Roberts could have raised this issue in his first appeal but did not. It is not disputed that the evidence applicable to his burglary conviction has not substantially changed. Therefore, the law of the case doctrine bars our consideration of this claim in this appeal. Worl, 129 Wn.2d at 425 (quoting Folsom, 111 Wn.2d at 263-64).

Nevertheless, even if we were to consider this claim, Roberts does not establish an entitlement to appellate relief. Once again, we defer to the fact finder on issues of conflicting evidence. Rodriguez, 187 Wn. App. at 930.

The crime of burglary in the first degree is defined as follows:

(1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime . . . (b) assaults any person.

RCW 9A.52.020.

Our earlier decision set forth the following facts to which both the victim and her father testified at trial:

8

AB and Roberts met approximately nine years before trial when AB was 19 years old and Roberts was 38 or 39. They were friends for six or seven years before the relationship became intimate. At that point, Roberts became very controlling. Throughout 2020, Roberts would call AB 25 to 50 times per day, often leaving voicemails threatening to hurt her or damage her property. He also would follow her and appear uninvited at the house where she lived with her father, sometimes in the middle of the night. AB called 911 three times regarding Roberts's conduct.

In June 2020, Roberts showed up at AB's house at 7:00 AM and banged on the outside wall near AB's bedroom. AB's father went outside to talk with him, and Roberts was angry, yelling, threatening, and demanding to see AB. Roberts shoved AB's father multiple times back into the house and burst into AB's bedroom. Roberts slammed the door and would not let AB's father in as AB screamed for her father to call the police. AB's father called the police, but Roberts left before they arrived.

Roberts, No. 56435-1-II, slip op. at 5.

Sufficient evidence was presented at trial to support Roberts' conviction of burglary in the first degree. Indeed, taking the evidence in the light most favorable to the State, the foregoing reflects that as Roberts unlawfully entered the victim's home, he assaulted the victim's father, and that Roberts entered the home with the intention of exerting unlawful control over the victim.

Furthermore, an alleged conflict in the evidence regarding proof of the charged crime does not, by itself, establish evidentiary insufficiency underlying a conviction for that crime. We defer to the fact finder on issues of conflicting evidence and, based on the jury's verdict, the jury did not appear to credit the evidence that Roberts presented. Rodriguez, 187 Wn. App. at 930. Therefore, Roberts' evidentiary insufficiency challenge fails.

9

2

Roberts next challenges his burglary conviction based on a theory that the trial court improperly issued a jury instruction regarding the burglary charge to which his defense counsel had objected. Roberts' challenge fails.

RAP 10.10(c) provides, in pertinent part, that "[o]nly documents <u>that</u> are contained in the record on review should be attached or referred to in the statement."

Here, Roberts' SAG states that the following exchange occurred during a jury instruction colloquy with the trial court:

> "THE COURT: . . . [I]t looks like the prosecutor added an instruction with respect to a presumption of an intent to commit a crime when someone goes in a house, basically." RP 580. The defense objected[.] RP 581. The Court cautioned, "Yeah, I don't think this is appropriate. I think this is reversible error, to be honest with you, if I gave this instruction in the circumstances of this case." RP 582.

SAG at 3.

As an initial matter, the quoted portion of the jury instruction colloquy, if taken as true, reflects that the trial court sustained Roberts' defense counsel's objection. It logically follows that the trial court ultimately did not then issue such an instruction to the jury. Therefore, such an instruction could not have been relied on by the jury in reaching its verdict. Roberts thus fails to establish trial court error or prejudice arising therefrom.

Furthermore, the record on review herein does not contain the verbatim report of the trial court proceedings to which Roberts cites or the trial court's instructions that it issued to the jury. This claim therefore relies on matters

outside of the record herein, and we cannot fully analyze this asserted ground for relief. RAP 10.10(c). Thus, for these reasons, Roberts' claim of instructional error does not establish an entitlement to appellate relief. Accordingly, Roberts' challenges to his burglary conviction fail.

D

The last ground relied on by Roberts is his claim that he was deprived of the right to effective assistance of counsel because his legal counsel failed to properly investigate his case. This is so, Roberts avers, because his defense counsel purportedly failed to interview—or hire an investigator to interview—the victim's mother and grandmother; obtain and review cell phone records, video messages, and text messages; investigate the victim's history; obtain a certain video recording of the victim's house; or obtain the victim's cell phone. Roberts again fails to establish an entitlement to relief.

As an initial matter, Roberts previously presented as a ground for relief in the SAG submitted in his first appeal an ineffective assistance of counsel claim. In rejecting that ground for relief, we held as follows:

> Roberts asserts that he never had a pretrial conference with his defense counsel, did not see his discovery until trial, and informed his counsel to call all witnesses except his mother. He also asserts that his counsel never entered evidence of phone records and text messages showing that [the victim] wanted to have sex with him as soon as he got out of jail. However, because these claims rely on matters outside the record, we cannot consider them in this direct appeal. State v. Alvarado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

Roberts, No. 56435-1-II, slip op. at 20.

11

Roberts' present claim fails as well. Insofar as Roberts' SAG in this matter presents ineffective assistance of counsel claims raised—and rejected—in his first appeal, we are prevented from considering such claims by the law of the case doctrine. Roberson, 156 Wn.2d at 41 (citing Lutheran Day Care, 119 Wn.2d at 113). Furthermore, insofar as Roberts' SAG in this matter presents ineffective assistance of counsel claims not raised in his first appeal, Roberts does not argue or present evidence supporting that such claims could not have been brought during his first appeal. Therefore, our consideration of such ineffective assistance of counsel claims is also prevented by the law of the case doctrine. Worl, 129 Wn.2d at 425 (quoting Folsom, 111 Wn.2d at 263-64). Lastly, because these claims rely on matters outside of the record before us, we cannot properly consider them. Alvarado, 164 Wn.2d at 569.

Thus, none of the grounds presented in Roberts' SAG establish an entitlement to appellate relief. Accordingly, we affirm in part, reverse in part, and remand this matter to the superior court in order for it to orally admonish Roberts of his loss of his right to possess a firearm pursuant to RCW 9.41.047(1)(a).

For the Court:

_Brennan, J_

_Chung, J._

_Smith, C.J._

12